WASHINGTON L. HUBBELL *vs.* WASHINGTON BISSELL & ANOTHER.

If A. and B. have submitted matters in dispute between them to arbitration, and an additional agreement is executed as follows: " Whereas A. and B. have entered into the foregoing submission, now I, A., and C. as his surety, and I, B., and D. as his surety, hereby agree and bind ourselves each to the other to pay all such sums of money each to the other as the said arbitrators shall award," B. may maintain an action in his own name alone against A. and C. for a failure by A. to comply with the award.

Although arbitrators have exceeded their authority by awarding costs, payment of the principal sum awarded may be enforced.

If a witness who is not called as an expert has testified to facts tending to show that a party to a contract was, at the time of making it, incompetent to contract by reason of mental

Hubbell *v.* Bissell & another.

imbecility, and his own opinion is not asked for or given in evidence, it is not competent to show by way of contradiction of his testimony that he has done acts in licating that he considered such party to be of sound mind.

In an action upon an agreement to pay such sums of money as arbitrators should award, a declaration by one of two defendants, upon the publication of the award to him, that he was satisfied with it, is competent evidence against him; and its admission, if no ruling is asked in regard to its competency as affecting the other defendant, furnishes no ground for a new trial.

If a bill of exceptions only shows that the defendants offered to prove that an award was erroneous, and comprised errors and mistakes, without showing the particular errors and mistakes relied upon, the rejection of the evidence furnishes no ground for a new trial.

Declarations by an arbitrator several days after making and publishing his award are incompetent to impeach it.

A ruling that a surety in an agreement to pay such sums of money as arbitrators should award is discharged, if, by consent of the parties, matters are embraced in the award which were not included in the submission referred to in the agreement, and that, as to everything not appearing upon the face of the award and submission, the jury may determine whether matters were embraced in the award which were not submitted, furnishes to the surety no ground of exception, in an action against him upon his agreement.

CONTRACT upon an agreement in writing to pay an award which might be made under a submission to arbitration entered into under the statute between the plaintiff and Washington Bissell. The submission recited that Bissell had leased to the plaintiff certain land and stock for four years, and that, as controversies respecting the terms had arisen, it had been agreed that the plaintiff should surrender the lease to Bissell, provided the latter should pay to him such sum, if any, as the arbitrators should award therefor; and the parties also submitted to the determination of the arbitrators all other claims and demands between them. The agreement upon which the action was brought was as follows :

" Whereas Washington Bissell and Washington L. Hubbell have entered into the foregoing submission to Jonathan P. Tobey, Orrin Curtis and Albert Bushnell, now I, Washington Bissell, and Josiah A. Hurlburt as his surety, and I, Washington L. Hubbell, and George Douglas as his surety, hereby agree and bind ourselves each to the other, to do and perform all such things and pay all such sums of money each to the other, as the said arbitrators shall award and determine to be done in the premises by either or both of said parties to said submission ; and all payments in money which shall be awarded to be paid

17 *

by one to the other shall be paid in twenty days after the said arbitrators shall have made and published to the said parties their award in the premises.   In witness whereof," &c.   This agreement was signed by all the parties.

The arbitrators awarded that Hubbell should recover of Bissell $294.83, with costs of the arbitration, taxed at $105.02, and costs of court to be taxed by the court; and that Hubbell should surrender the lease and certain stock and property which they specified.

The declaration set forth the submission, agreement and award, and alleged that the plaintiff had surrendered the lease to Bissell, and that the defendants owed him the sums of money awarded, with interest after the expiration of twenty days from the time when the award was published.

The defendants filed a demurrer, assigning various causes; but at the argument the only grounds relied on were that the action was not rightly brought by the plaintiff alone, and that the arbitrators exceeded their authority in awarding costs.   They also filed an answer averring, amongst other matters not necessary to be stated here, that, at the time of the execution of the agreement, the defendant Josiah A. Hurlburt was not of sound mind and memory, or competent to make the same.

At the trial in the superior court, before *Rockwell*, J., the demurrer was overruled, and the jury returned a verdict for the plaintiff.   The presiding judge allowed a bill of exceptions, the material portions of which are as follows : —

" The plaintiff introduced testimony, the defendants objecting, to show that said Bissell, upon the publication of the alleged award to him, expressed his satisfaction with it.

" The defendants offered to show that the award was erroneous, and comprised errors and mistakes, but the court excluded the evidence.

" The defendants also offered to show that Orrin Curtis, one of the arbitrators, stated three days after the making and publishing of the alleged award that, as to one of the claims made by the plaintiff and decided in his favor, embraced in the award, he formed his opinion partly on the evidence adduced before the

arbitrators, and partly upon statements made to him by the plaintiff previous to the submission or agreement to refer; but this evidence the court excluded.

" Upon the issue of said Josiah's incompetency, the plaintiff introduced evidence, the defendants objecting, that said Bissell set up a claim against one Edward A. Hurlburt for alleged damage done by said Edward's swine to the corn of said Bissell, and, upon the dispute which arose thereon, offered to submit the matter to said Josiah and another as arbitrators to decide the dispute, and that this offer was made within the time claimed in this case to be when said Josiah was not of sound mind and memory, and incompetent to contract. The evidence was allowed, the defendants objecting; said Bissell having previously testified to facts tending to show that said Josiah was at that time incompetent to contract by reason of mental imbecility.

" It was further claimed upon the part of said Josiah that it was shown that there were matters embraced in the award, not included in the claims submitted for arbitrament, but which were included in the award by the arbitrators with the consent or at the request of the parties; and it was urged in behalf of said Josiah that such proceeding absolved him from liability as surety. The court ruled that, as to everything which did not appear upon the face of the papers, it was for the jury to say whether matters were embraced in the award which were not submitted, and instructed them that the defendant Hurlburt would not be liable if the arbitrators had so exceeded their authority, and awarded upon matters not embraced in the submission."

*I. Sumner & J. E. Field*, for the defendants.

*J. D. Colt*, for the plaintiff.

HOAR, J. 1. The testimony admitted at the trial to contradict Bissell was incompetent. It is true that when a witness testifies to a material fact, the party against whom he is called may show, on cross-examination, that the witness has conducted himself as if no such fact existed. *Miller* v. *Stevens*, 13 Gray, 282. But we think the evidence had no tendency to contradict him. He had not testified that Hurlburt was insane, or that he thought

him insane. He was not an expert, and his opinion could not legally be asked or given in evidence, one way or the other. He had testified to certain facts which were offered in evidence on behalf of Hurlburt to show insanity. But it did not follow, from the existence of these facts, that Bissell thought him insane, and the plaintiff had no right to introduce evidence to show that he thought otherwise. It would have been the same if Bissell had been asked directly, " Did you think him insane ? " The question would have been inadmissible. The defendants' exceptions upon this point are therefore sustained.

2. The demurrer was rightfully overruled. The action is rightly brought by Hubbell alone. He alone was interested in the performance of the award by Bissell. His surety was not a party to the submission or the award. The true construction of the agreement is, that Hubbell and Bissell contract with each other, and each has a surety who joins with him in guaranteeing the performance of his part of the contract, but the sureties respectively do not contract with each other.

3. The award including costs, which were not included in the submission, would be rendered invalid ; but as the amount thus awarded is severable, and can be ascertained and distinguished, the action can be maintained upon the part of the award which is good. *Caldwell* v. *Dickinson*, 13 Gray, 365.

4. The evidence of the statements of Bissell respecting the award would certainly be competent evidence against him, and no ruling was asked in regard to its competency as affecting Hurlburt.

5. The offer to show " that the award was erroneous, and comprised errors and mistakes," was too vague and general. It is only some particular kinds of errors and mistakes which will vacate an award. Errors of opinion and judgment will not. Errors of computation may. But a general ruling of the court will not be treated as erroneous, when there is nothing in the exceptions to show that, in relation to the case on trial, it was not perfectly correct. It is for the defendants to show that the evidence offered was competent, if they would sustain their exception to its rejection. In the form in which they offered it, it

might or might not have been so; that question depending upon circumstances not reported.

6. The statements of one of the arbitrators, made after the award was published, could not be evidence against either party. His functions had ceased, and evidence of what he said was mere hearsay. He must testify to any material fact, like other witnesses.

7. The defendant Hurlburt was allowed to show by parol that there were matters included in the award not included in the submission, and the jury were instructed that, if proved, this would be a good defence for him. But the court confined him in this proof to matters not appearing upon the award and submission themselves. Upon these the court ruled as a matter of law; and, as we have seen, ruled correctly. The defendants have therefore no cause of complaint on this point.

As it is desirable that this vexatious litigation should end within some reasonable period, and as the only exception sustained concerns the defendant Hurlburt only, and has a bearing upon a single ground of his defence, we do not think it necessary or proper to order a new trial, except upon the condition that it shall be confined to the single issue of Hurlburt's competency to contract at the time he signed the agreement as surety to Bissell. If Hurlburt elects a new trial upon this point, he is entitled to it; otherwise there must be judgment upon the verdict.