MORRIS BISNOVICH ET AL. (THE CONNECTICUT APPLE
    PRODUCTS COMPANY) vs. THE BRITISH AMERICA
    ASSURANCE COMPANY.
MORRIS BISNOVICH ET AL. (THE CONNECTICUT APPLE
    PRODUCTS COMPANY) vs. THE GLOBE AND RUTGERS
    FIRE INSURANCE COMPANY.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

Whether a sketch of a building has been sufficiently verified to be
    admitted as evidence, is a preliminary question of fact for the de-
    cision of the trial judge. If such sketch be offered as an aid to a
    witness in explaining or illustrating his testimony, that purpose
    should be distinctly stated; but even so, its admission would still
    present a preliminary question for the court.
Evidence of the declarations of one of several arbitrators or appraisers
    after the filing of their award is mere hearsay and inadmissible to
    prove misconduct upon their part in reaching their conclusions.
    The methods and procedure of the appraisers are susceptible of
    direct proof, and to that end the appraisers themselves may be
    called, examined and cross-examined.
A suit to set aside an award of appraisers for their alleged misconduct,
    is peculiarly a subject of equity jurisdiction, and unless otherwise
    ordered, is to be tried to the court; but an award upon which re-
    covery is sought, may be impeached for misconduct by way of de-
    fense in an action either at law or in equity.
An award by appraisers under a policy of fire insurance, unless set aside,
    is an effectual bar to an action upon the policy itself; and therefore
    if a plaintiff, seeking to set aside such an award for alleged mis-
    conduct of the appraisers, fails, and properly so, in that feature

of his case, an error committed by the trial court with reference to the mode of trial of the subsequent issue—whether to court or jury—is obviously harmless.

Methods and priority in trial of equitable and legal issues, stated and applied.

Argued October 30th, 1923—decided January 8th, 1924.

ACTIONS to set aside the award of appraisers under two policies of fire insurance, for alleged misconduct, and to recover damages, brought to and tried together by the Superior Court in New Haven County, *Jennings, J.;* facts found and judgment rendered for the defendant in each case, and appeal by the plaintiffs. *No error.*

These actions, heard together by agreement of the parties, claimed, as relief, that the award of the appraisers should be set aside, and $10,000 damages. Plaintiffs at the time of bringing suit were copartners operating under the trade name of the Connecticut Apple Products Company in the manufacture and sale of cider. Pending the disposition of the actions they incorporated their enterprise as The Connecticut Apple Products Company, and the corporation was substituted by order of court as plaintiff in each of the pending actions. In December, 1921, a fire occurred upon the property of the plaintiffs which destroyed a building and substantially all of its contents. Proofs of the loss were duly furnished to both of the defendants in accordance with the terms of the policies of insurance. The plaintiffs and defendants failed to agree as to the amount of the loss and thereupon, by written agreement, submitted the same to arbitration, as provided in the policies. Each party selected an appraiser, and the two appraisers thus selected chose one Maurice E. Wheeler as umpire. The latter, together with the appraiser selected by the defendants, made an award in writing aggregating in both cases $3,367,

which award the appraiser selected by the plaintiffs refused to sign.  This award the defendants have ever since been willing to pay, but the plaintiffs have been unwilling to accept the same in full payment for their losses, and no payment of losses has ever been made.

Regarding the conduct of the appraisers, it is alleged in the complaint in these actions that the appraiser selected by defendants was in their employ, a partisan, biased and prejudiced; that the appraisers failed to make a proper appraisal in detail as regards the property destroyed; that they neglected to hear evidence of the plaintiffs or to afford to them an opportunity to present the same, and made their award without hearing any evidence; that the umpire likewise, after his appointment, afforded the plaintiffs no opportunity to furnish evidence or information as to the matters contained in the proof of loss, and sought from the plaintiffs no information as to the property destroyed or the extent of the loss; that the umpire and the appraiser appointed by defendants in every way disregarded the plaintiffs and the appraiser appointed by them, although frequently requested to give attention to matters brought to their notice, and in general gave little time to the study and investigation of the matters connected with the loss, performed their duties in a negligent and inadequate manner, and secretly and improperly agreed upon their award without regard to the appraiser appointed by plaintiffs, and thus were guilty of misconduct which should vitiate their award.

During the trial of the action one Mitkowski, a witness for the plaintiffs, was shown a paper purporting to be a sketch of the mill building before its destruction by fire, and asked if it was a fair representation of the building, whereupon he answered that it was a fair rough sketch, that he did not make it, but that it was made by a man who was on the premises before the

witness was there, and who knew everything with regard to it. This sketch was offered by counsel "for what it is worth." Defendants objected to its reception, the court excluded it, and exception was taken.

After the award was made, in December, 1921, the plaintiffs protested against the amount of the award and soon after it was signed, on December 28th, at night, Bisnovich went to the house of Wheeler, the umpire, with the appraiser appointed by plaintiffs and another person, and Bisnovich, as a witness at the hearing of the action, testified to the conversation between himself and Wheeler. Bisnovich requested from Wheeler, who was a builder, an estimate upon the cost of erecting a building to take the place of the one burned, and Wheeler said he would have to have a little while to figure it out. Bisnovich then said: "Well, it didn't take you so very long to figure out the destroying of the building," whereupon Wheeler began to reply, commencing with the words: "Well, I'll tell you—" when objection was made by defendants to the reception of any conversation between Wheeler and the witness. The conversation was claimed on the ground that it would tend to show by the admissions of Wheeler, that he had improperly performed his duties as umpire in the manner charged in the complaint. The court excluded the evidence on the ground that Wheeler was not a party to the action, nor in privity with the parties, nor the agent of any of them, and that the claimed testimony would be pure hearsay; that the conduct of Wheeler must and could be shown by independent evidence, and that if he went upon the stand his statements could be shown as contradictory to any evidence he might give bearing upon the point involved. The plaintiffs excepted, and their counsel stated that the exclusion of the testimony just offered, and of other like testimony which they were about to introduce,

would render it impracticable for them to proceed with the trial, and plaintiffs rested their case.

The defendants offered no evidence.

Sometime prior to the trial of these cases, the plaintiffs, on May 13th, 1922, had claimed the same for the jury docket and jury trial list, and the cases had been placed upon the jury assignment list and claimed for trial. When the plaintiffs claimed the cases for assignment, the court (*Kellogg, J.*) ruled that they should be stricken from the jury trial list, inasmuch as equitable issues were involved, and ruled that they should be first tried to the court. The docket entry in each action read: "Cause ordered off the jury trial list." Thereafter counsel for plaintiffs, on March 21st, 1923, had claimed the actions for the court trial list. Before commencing the trial of the causes plaintiffs' counsel recounted the history of the cases, and stated that by placing the same upon the court trial list they did so because that was the only way of getting in position for trial, since some issues at least were to be tried to the court by reason of the ruling by *Judge Kellogg*, and that their claim was that their rights to a jury trial had not been waived by placing the cases on the court trial list, and that this action was taken with a view of trying such issues as the court might determine to be proper, and after these had been determined, to try to the jury such issues as might remain. The trial judge held that as the record stood he would proceed with the trial of the actions, saying, in his statement of ruling, that he intended to reserve for the defendants such rights as they might have.

The court rendered judgment for defendants in both cases, and plaintiffs assign error as follows: 1. In the ruling of the court as to the admissibility of evidence; 2. in holding that the actions should be stricken from the jury docket and jury trial list, and should first be

Bisnovich *v.* British America Assurance Co.

tried to the court; 3. in ruling that the cases should be tried as court cases on all the issues.

Further facts appear in the opinion.

*Lawrence L. Lewis* and *Richardson Bronson,* for the appellants (plaintiffs).

*J. Gilbert Calhoun,* for the appellees (defendants).

KEELER, J. The question of the admissibility of the sketch of the burned building was a preliminary one for the trial court, to determine its accuracy and verification as established by the testimony accompanying the offer of the evidence. We have several times passed upon this question in connection with the admissibility of photographs, and the principle is the same. *Dyson* v. *New York & N. E. R. Co.,* 57 Conn. 9, 24, 17 Atl. 137; *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000; *Cunningham* v. *Fair Haven & Westville R. Co.,* 72 Conn. 244, 249, 43 Atl. 1047; *Smith* v. *Hausdorf,* 92 Conn. 579, 582, 103 Atl. 939. The prevalent rule is in accord with that above stated. 1 Wigmore on Evidence (1st Ed.) § 794 (2); 22 Corpus Juris, Evidence, § 1125, p. 921. It is suggested in the brief of plaintiffs that the sketch has testimonial, as distinguished from evidential, value, in that it might have assisted the witness in explaining and illustrating his testimony. It was offered as primary evidence, standing by itself, and was evidently considered and ruled upon by the court from that point of view. Had it been offered for the subsidiary purpose suggested by plaintiffs, its admission would still have been a preliminary question for the court. In many jurisdictions a question like that here presented is held to be so entirely preliminary as not to be reviewable. We have not gone to that extent (*Cunningham* v. *Fair Haven & Westville R. Co., supra*), but clearly only a very plain case of misuse of discretion would justify a

finding of error in a ruling of this sort, and we cannot say that this case presents a proper occasion for review.

The second ground of error relates to the exclusion of conversation between Bisnovich and Wheeler, the umpire. There was no formal offer made of this testimony showing its scope and nature, but from the lengthy and somewhat uninformative discussion of the matter between counsel and the court as it appears in the record, we gather that plaintiffs intended to show admissions by Wheeler that he had so acted in his conduct of the arbitration as to show that some at least of the allegations as to his misconduct were true. We think that the trial court held rightly in excluding this testimony. Wheeler was not a party to the action, he had not been used as a witness, so as to make his testimony open to impeachment and contradiction. The fact that he had acted as umpire, as an arbitrator, brought him into no relation of privity or agency with any party to the action. The decision of the two appraisers or arbitrators made in this case constituted an award. This award the present action attempts to set aside, as a necessary preliminary to recovering upon the contract of insurance, just as if, by a refusal on the part of the companies to act or for some other reason, no appraisal or arbitration had been had. The reasons for setting aside the award are set forth in the complaint and summarized in the statements of facts. All of these alleged wrongful acts of commission and omission were clearly provable by independent testimony, if such existed, and where, as in a case like this, the final award is simply of an amount of money, the arbitrators or appraisers could be called to state their method of arriving at the results obtained, how they acted in their deliberations, whether or not they refused to consider proof and offer of proof made by plaintiffs, and so on as to other alleged acts of misconduct.

If Wheeler, when so called to testify, had denied that he had done or neglected certain things of importance in the conduct of the appraisal, he could then have been contradicted or impeached in any of the ways familiar in practice, and if his testimony showed a different course of action from that claimed by plaintiffs, he could have been inquired of as to inconsistent statements and admissions made in conversation with Bisnovich. Such was the view taken by the trial court, and was correct.

It has been held with great unanimity, that the admissions of an arbitrator made after the filing of an award are inadmissible in proceedings to set aside the latter. "The statements of one of the arbitrators, made after the award was published, could not be evidence against either party. His functions had ceased, and evidence of what he said was mere hearsay. He must testify to any material fact, like other witnesses." *Hubbell* v. *Bissell*, 84 Mass. (2 Allen) 196, 201; see also *Strong* v. *Strong*, 63 Mass. (9 Cush.) 560; *Manson* v. *Wilcox*, 140 Cal. 206, 210; *Corrigan* v. *Rockefeller*, 67 Ohio St. 354, 66 N. E. 95; *In re Whiteley & Roberts' Arbitration*, L. R. 1 Ch. Div. [1891] 558. Arbitrators are in this respect placed in much the same position as judges, since they are persons chosen by the parties to adjudicate upon disputes. An award with respect to its impeachment stands in a position similar to a judicial judgment or decree. An analogous case was passed upon in this court in *Allen's Appeal*, 69 Conn. 702, 708, 38 Atl. 701: "The evidence received to show the reasons which led the judge of probate to pass the decree in question was, in any view of the case, totally incompetent and inadmissible. His letters and declarations out of court were mere hearsay. Judicial decrees speak for themselves, and whenever, in the rare instances when it may be permissible to inquire

into the process of reasoning leading to a judgment, no finding on that subject has been made, the facts must be proved, as in other cases, by direct testimony, and the judge put upon the stand." The ruling of the court excluding this evidence was correct.

The remaining error assigned is that the court (*Kellogg, J.*) erred in striking the action from the jury trial list, when it was claimed for trial to the jury and the parties were ready to proceed to trial, and in ruling, since equitable issues were involved, the case should first be tried to the court. In this action the court was applying General Statutes, § 5755, and the rule of Practice Book, p. 297, § 235, which provide that no equitable issues shall be tried to the jury, and while a case presenting issues both in law and in equity may be claimed for the jury, still, unless the court otherwise orders, only the issues at law shall be assigned for trial by the jury. No such order was at any time made in this action, nor was any order asked for under General Statutes, § 5753, to try all issues of fact to the jury. As we have just seen, the general claim for jury trial does not accomplish this result. This action of the court was not only legally correct, but clearly called for by the exigencies of the case. The setting aside of an award for misconduct of arbitrators is peculiarly a subject of equitable cognizance, and in the instant case, unless the award was first set aside, the plaintiffs had no case to try upon the remaining issues of fact disclosed by the complaint.

After this preliminary ruling of *Kellogg, J.*, the plaintiffs placed the case upon the court trial list, as counsel says, in order to get it tried, which was very proper, since there were issues to be first tried by the court. He parted with no rights by so doing, since he was protected by General Statutes, § 5754, which provides that no determination of equitable issues raised by

the pleadings shall prevent a jury trial of a claim for damages, also raised in the action, unless both parties waive a jury in writing.  A long discussion preceded the trial of these actions, in which plaintiffs' counsel stated that plaintiffs were prepared to try such issues as should be tried to the court, but that he did not understand just what they were.  The trial judge also seemed somewhat at a loss in the matter, for the record shows him as saying: "The Court (*Jennings, J.*).  My difficulty is this, that the court action ordinarily succeeds that of the jury.  The jury passes upon the questions of fact, if any, and then the court passes on it. Now, here is a practical situation.  I think I can go ahead and try these cases, and you can rely on the record of fact that it was struck from the jury list by *Judge Kellogg*—that is part of the record.  And if you desire to take advantage of that on appeal, why you can, but I can't see what else I can do now but try these cases.  They are here, both sides all ready, this is the second time, and there is no practical method, nor theoretical, either, that I know of, whereby I can try these issues and subsequently submit other issues to the jury.  I think the jury has got to determine the question of fact and then the equitable forms of relief are for the court to apply. . . .  I think I will go ahead and try the case and you can take such comfort as you can from the action of *Judge Kellogg*, because I don't see what else he can have meant except those must be tried to the court."

The trial judge evidently for a moment lost sight of the method of first trying equitable issues to the court, and then, if necessary, trying issues of fact at law to the jury, and had only in mind cases where by order of court all issues of fact legal and equitable are submitted to the jury.  He also seemed to consider himself bound by the action of *Judge Kellogg* to try all issues in the

case to the court. This was not the proper effect of the action of the latter judge, which was only directed to having the purely equitable issues first tried, and did not require, and could not legally have required, all issues in the case to be tried to the court.

We fail to see how the plaintiffs were injured by the action of the court in rendering judgment for defendants. They had proceeded with the proof of their case until they had arrived at the point where, in impeaching the award of the appraisers, they unsuccessfully attempted to introduce the evidence of Wheeler's admissions, and, when this evidence was excluded, stated that, in default of such evidence and testimony of like nature, they could not prove facts justifying the setting aside of the award. If they could not, then they were not in any position to try the other issues in the case; the whole action failed. Judgment for defendants was proper, and the only one justified by the state of the record.

The claim of plaintiffs, that an award of an umpire may be impeached at law as well as in equity, and that therefore the present actions raise issues of fact all cognizable by a jury, is not well taken. The rule cited is only available in defense where recovery is sought upon the award. When direct attack is made by a plaintiff upon the validity of the award, upon such facts as are stated in the complaints in these actions, the issues are purely equitable. *Brown* v. *Green*, 7 Conn. 536, 542; *Bridgeport* v. *Eisenman*, 47 Conn. 34, 37; *In re Curtis-Castle Arbitration*, 64 Conn. 501, 510, 30 Atl. 769. Counsel for plaintiffs took the correct view when, in framing the complaints, they claimed that the awards of the appraisers be set aside, "by way of equitable relief."

There is no error.

In this opinion the other judges concurred.