FLORENCE H. BARBER *v.* ALFRED C. BALDWIN, JR., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND COMLEY, JS.

Argued April 6—decided June 7, 1949.

*Joseph Shelnitz,* for the appellant (plaintiff).

*Thomas R. Robinson* and *Isadore Chaplowe,* for the appellees (defendants).

BROWN, J.   The plaintiff as owner brought this action against the defendants, husband and wife, for wrongfully taking possession of her beach front cottage property in East Haven and for the conversion of the furniture therein; and she claimed judgment for possession of the real estate and damages.   The defendant husband's answer was a denial and alleged that whatever acts he had performed were done as agent for his wife.   Her amended answer was also a denial.   By way of special defense, she alleged that the plaintiff had agreed to convey the premises and furniture to her for $4000, that pursuant to the plaintiff's direction she had taken possession under the agreement and that,

though she was ready, able and willing to pay the $4000, the plaintiff refused to deed the property to her. These facts were also made the basis of a cross-complaint by the defendant wife in which she claimed a decree for specific performance, further equitable relief and damages. All of the defendants' affirmative allegations were denied by the plaintiff's replies. After the case had been partly tried before a jury, it was taken from them so that the court might first decide the equitable issues under the special defense and cross-complaint, and upon the completion of the trial the court rendered judgment for the defendants and decreed specific performance in favor of the defendant wife. The plaintiff has appealed.

The material facts found by the court are not challenged and may be thus summarized: Since 1913 the plaintiff had been the owner of a piece of property fronting southerly 116 feet on Long Island Sound. On the southwest portion of it was the cottage, access to which from the highway was by a well-defined path or right of way along the rear of the plaintiff's lot and other shore lots to the west. This path had been used by the plaintiff and others since 1913. She had, however, no right to it by deed. Her tract, which had no fences, extended north, beyond the lot in question, to the highway, but the swampy nature of the land prevented access over it. For a number of summers prior to 1945, the plaintiff had leased the cottage to the defendant wife, to whom we shall refer as the defendant, at rentals of from $150 to $250. In May, 1945, the defendant asked to rent the cottage for another season. The plaintiff, owner of other real estate and experienced in such matters, suggested that the defendant buy the property at $4000. The cottage contained secondhand furniture valued at $100. On June 2, 1945, the defendant, in discussing the proposed

purchase, told the plaintiff that if she bought the cottage she would forthwith make substantial improvements, which she detailed. Thereupon, the plaintiff agreed to sell and the defendant to buy upon these terms: The purchase price, subject to the usual adjustments as to taxes and insurance, was $4000, to be paid at the closing, when the deed was to be delivered, on June 27, 1945; the plaintiff was to furnish a certificate of title and deliver a warranty deed including a right of way to the premises; the land with the cottage thereon was to be bounded on the west by the land of Vought and was to run from Long Island Sound on the south to the northerly edge of the path referred to above, and the easterly line was to parallel the westerly line through a point eight feet easterly of the easternmost face of the steps on the easterly side of the cottage porch; the furniture with certain exceptions was to be included; the defendant was to take possession the next day, June 3, and proceed with the improvements. The defendant was given the keys on June 3, took possession and shortly thereafter started to make the improvements. These involved the expenditure of over $1000 and were made with the plaintiff's knowledge and in reliance upon her agreement. The plaintiff failed to deliver a deed at the time agreed.

In August, 1945, the defendant paid the 1944 tax bill of $122.71 upon the plaintiff's request and agreement to credit it on the purchase price. Upon learning that the reason assigned by the plaintiff for her refusal to execute a deed was her inability to convey a right of way, since her title searchers advised her that there was none appurtenant to the premises, the defendant offered to accept a conveyance provided the $4000 consideration be held in escrow until the plaintiff in a legal manner established her right to a right of way

by adverse use, but this offer was refused. Thereupon, the defendant agreed to accept a deed without having a right of way expressly conveyed, but without effect. Meantime, the plaintiff asserted that her agreement was that the easterly line should be but three, instead of eight, feet easterly of the easternmost face of the porch steps. The plaintiff has never executed a deed to the defendant, and the defendant has made no direct tender of the purchase price. By 1946 the parties had discontinued their efforts to close the deal. At all times the defendant had the necessary funds to consummate the transaction and was ready, able and willing to perform whenever the plaintiff would convey. The defendant husband was not a party to the agreement but acted as the defendant's agent. The defendant has been in possession of the premises since June 3, 1945.

The trial court gave judgment for the defendant upon the cross-complaint, granting her specific performance upon the payment of $4000 with interest. In her brief the plaintiff does not attack any of the court's conclusions as to which error was assigned and upon which the judgment rests, and, while she states in general terms that twelve of the claims of law made by her at the trial were applicable, none of them are specifically discussed and we are under no duty to consider them. *Marra* v. *Kaufman,* 134 Conn. 522, 529, 58 A. 2d 736. She has assigned error in the refusal of the trial court to find twenty-seven paragraphs set forth in her draft finding, but in her brief she claims them only for the purpose of showing that the plaintiff and defendant reached no definite agreement as to the land to be conveyed and that the failure to complete the transaction was due to the defendant's fault. It is sufficient to point out that the first claim is directly opposed to the unattacked finding of the court that a

definite agreement was reached, a finding which has ample support in the evidence, and that no additions can be made to the finding which would afford support for her second claim.

The plaintiff claims that the court erred in excluding a letter pertaining to what the deed should contain which was offered on the ground that it had been sent to her by the defendant's father-in-law as the defendant's agent. While the record shows that the subject matter of the letter had been verified by the father-in-law in discussion with the defendants before he wrote it, it does not appear that he was authorized to send any letter to the plaintiff or that the defendant knew that such a letter had been or was to be sent. Under these circumstances we cannot hold that the court improperly excluded it for lack of proof that the writer was the defendant's agent.

The remaining question for determination is whether the court, in taking the case from the jury, violated the right of the plaintiff to a jury trial. The case was on the jury docket. After it had been on trial before the jury for three days, the court concluded that the issues raised by the special defense and cross-complaint should be disposed of before the legal issues of the complaint and answer were decided. Thereupon, the court requested counsel to file interrogatories for submission to the jury, in response to which the plaintiff's counsel filed twenty-two. The court then prepared six. These called for answers which would afford a sufficient factual basis for a determination by the court of the equitable issues. Upon the plaintiff's refusal to agree to the submission of these interrogatories to the jury, the court ruled that it would try the equitable issues first and took the case from the jury. The plaintiff contends that this violated her constitutional right to a jury trial.

It is obvious that the essential right asserted in the defendant's cross-complaint was equitable in its nature and that the claim for damages was merely supplemental to the equitable relief sought, to make it complete. The defendant's whole case therefore was one in equity and the plaintiff had no right to a jury trial thereof. *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 619, 7 A. 2d 847; *Malkan* v. *Hemming,* 82 Conn. 293, 295, 73 A. 752; *Federal Finance Co.* v. *Forman Properties, Inc.,* 135 Conn. 153, 158, 62 A. 2d 516; *U. S. Fidelity & Guaranty Co.* v. *Spring Brook Dairy,* 135 Conn. 294, 297, 64 A. 2d 39. The general claim of the case for the jury did not have the effect of taking to them the trial of the equitable issues. Practice Book § 152. *Bisnovich* v. *British America Assurance Co.,* 100 Conn. 240, 248, 123 A. 339; *Brunetto* v. *Royal Exchange Assurance Co.,* 126 Conn. 569, 573, 13 A. 2d 138. Section 5627 of the General Statutes, Rev. 1930 (Rev. 1949, § 7939), reads: "In all cases, whether entered upon the docket as jury cases or court cases, the court may order that one or more of the issues joined be tried before the others." This expressly warranted the court's decision to determine the issues on the cross-complaint first. Section 5626 (Rev. 1949, § 7938) provides that, when an action for damages and equitable relief is on the jury docket, the determination of the equitable issues shall not prevent a jury trial of the claim for damages, unless the parties stipulate to waive a jury, "or unless the determination of the equitable issues has necessarily adjudicated all the facts upon which the claims for damages rest." In this case, the facts upon the issue of ejectment, as well as upon that of damages for conversion, fall within the provision quoted. Since the facts found by the court on the equitable issues are conclusive against any right of recovery by the plaintiff at law under her

complaint, the statutory qualification quoted applies. *Cox* v. *McClure,* 73 Conn. 486, 491, 47 A. 757.

The procedure followed in this case was unusual in that three days of trial to the jury preceded the ruling of the court which took the case from them and determined that the equitable issues should first be decided by the court. As the record shows, the trial to the jury resulted from an attempt by the court to obviate any basis for possible feeling upon the part of the plaintiff because of the fact that a former associate of the presiding judge was to be called as a witness by the defendant. The plaintiff's failure to object to the court's ruling on the ground that it came late would be sufficient of itself to preclude any claim of error on this ground. This aside, however, the action of the court was justified upon the record. Resort to interrogatories was essential for the determination by the jury of such equitable issues as were presented in this case. *Berry* v. *Hartford National Bank & Trust Co.,* supra.; *Brunetto* v. *Royal Exchange Assurance Co.,* supra. No doubt the court could have submitted, suo moto, the interrogatories it prepared. However, it had heard all of the evidence which had been offered before the jury, and no new trial was necessary. In view of the unwillingness of counsel to agree to the interrogatories, it was within the court's discretion, even at that stage of the proceedings, to take the equitable issues from the jury.

There is no error.

In this opinion the other judges concurred.