GREGORY GAULTON ET AL. *v.* RENO PAINT AND WALLPAPER COMPANY ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 15, 1978—decision released March 20, 1979

*William R. Davis,* with whom were *Nicola E. Rubinow* and, on the brief, *Francis J. Wynne,* for the appellants (plaintiffs).

*Philip S. Walker,* with whom was *Francis H. Morrison III,* for the appellee (defendant O'Brien Paint Corporation).

BOGDANSKI, J. In September of 1971, the plaintiffs, Gregory Gaulton, ppa, and Elizabeth and Peter Gaulton, his parents, filed suit against the Reno Paint and Wallpaper Company and the O'Brien Paint Corporation, seeking to recover damages for injuries allegedly caused to the minor plaintiff, in utero, as the result of the use by the plaintiff mother of interior latex paint manufactured by the O'Brien Paint Corporation. A substituted complaint, dated October 5, 1977, contained four counts: strict liability in tort; breach of warranty; negligence; and recovery for the medical expenses incurred by the plaintiff father. The action against the defendant Reno Paint and Wallpaper Company was withdrawn prior to trial.

The trial consumed over two months and involved the presentation of complex technical evidence as well as extensive expert testimony in the fields of medicine, chemistry and biology. At the conclusion of the evidence, the defendant filed special interrogatories and requested that they be submitted to

the jury. Counsel for the plaintiffs examined the interrogatories[1] and argued his objections to the court. Because the parties were unable to agree, the court reserved decision on the interrogatories. Subsequently, at the completion of its charge, the court informed the jury that they would be asked to answer four interrogatories which would be submitted along with the verdict forms.

The interrogatories as submitted to the jury by the court were directed solely to the first count of strict liability in tort and read as follows: "1. Do you find that the O'Brien paint purchased by Mrs. Gaulton and used in July of 1969 was defective under the rule of strict liability? 2. Do you find that this O'Brien paint was unreasonably dangerous to the user or consumer, under the rule of strict liability? 3. Do you find that the O'Brien paint used by Mrs.

---

[1] "DEFENDANT'S REQUEST FOR INTERROGATORIES TO BE SUBMITTED TO THE JURY

The defendant respectfully requests that the following interrogatories be submitted to the jury.

1. Do you find that the O'Brien paint purchased by Mrs. Gaulton and used in July of 1969 was defective?

.......... ..........
Yes          No

2. Do you find that this O'Brien paint was unreasonably dangerous to the user?

.......... ..........
Yes          No

3. Do you find that the O'Brien paint used by Mrs. Gaulton in July of 1969 caused injury to the plaintiff, Gregory Gaulton?

.......... ..........
Yes          No

4. If the answer to the preceding interrogatory is 'yes,' do you find that the risk of such injury was known or foreseeable to the defendant, O'Brien Corporation, in 1969?

.......... ..........
Yes          No

DEFENDANT,
THE O'BRIEN CORPORATION"

Gaulton in July of 1969 caused injury to the plaintiff, Gregory Gaulton, because it was in a defective condition and unreasonably dangerous to the user or consumer under the rule of strict liability? 4. If the answer to the preceding interrogatory is 'yes,' do you find that the risk of such injury was, or should have been, known by the application of reasonable, developed human skill and foresight by the defendant, The O'Brien Corporation, on or before July 1969?"

The plaintiffs' counsel objected to the interrogatories submitted by the court on the grounds that the court had failed to give prior notice of its intention to submit them and that copies were not made available to counsel for examination and comment prior to argument, as was done with the verdict forms. After the jury returned a verdict in favor of the defendant, the plaintiffs made a motion to set aside the verdict which was denied by the court.

On appeal the plaintiffs contend that (1) the case was not appropriate for the use of interrogatories; (2) the form and content of the interrogatories were improper; (3) the procedure used by the court in submitting them was improper; and (4) the court erred in denying their motion to set aside the verdict.

I

The plaintiffs contend that the theories of liability submitted to the jury,[2] i.e., strict liability in tort and negligence, though legally distinct, were factually so similar that there was no need for interrogatories to distinguish between those causes of action. They argue that the interrogatories required

---

[2] The court directed a verdict on the count alleging breach of warranty, because of the lack of any evidence in support of that count.

the jurors to pay special attention to the questions presented therein and that this amounted to an "attempt [by the court] to channel the thought process of the jurors." The plaintiffs seem to be saying, in essence, that the use of the interrogatories, in and of itself, invaded the function of the jury, and, as such, constituted reversible error.

The plaintiffs concede, as they must, that the use of interrogatories has long been accepted practice in this state, and that their use to avoid the implications of a general verdict has long been favored by this court. In *Freedman* v. *New York, N.H. & H. R. Co.*, 81 Conn. 601, 71 A. 901 (1909), this court observed (p. 612) that the purpose of interrogatories was to elicit "a determination of material facts, [and] to furnish the means of testing the correctness of the verdict rendered, and of ascertaining its extent." The court in *Freedman* also stated (p. 612): "The power of the trial court to submit proper interrogatories to the jury . . . does not depend upon the consent of the parties or the authority of statute law. In the absence of any mandatory enactment, it is within the reasonable discretion of the presiding judge to require or to refuse to require the jury to answer pertinent interrogatories, as the proper administration of justice may require." The court emphasized (p. 614) that "[w]hen and to what extent this should be done, and when and how counsel may request interrogatories to be propounded, is, to a great extent, in the absence of any statute or rule upon the subject, the duty of the trial court in the exercise of a reasonable discretion to determine."

The court in *Freedman* noted further (p. 613) that "[i]t has been the common practice in this State,

when a complaint contains several counts for distinct causes of action, for the court to direct the jury, in the case of a verdict for the plaintiff, to designate upon which count it was found." Almost a half century later, in the case of *Sheeler* v. *Waterbury*, 138 Conn. 111, 82 A.2d 359 (1951), this court held (pp. 114–15) that although "[t]he submission of interrogatories ordinarily rests within the court's discretion . . . [t]his rule is subject to the exception that where the complaint contains two or more counts . . . the defendant has the right to save himself from the implication of a general verdict by seeking from the jury answers to apt and proper interrogatories." The court concluded that "in such a situation, it is the duty of the court to grant the defendant's request" and held that the failure of the court to do so in that case constituted reversible error.

The use of special interrogatories is particularly appropriate in cases involving complicated factual determinations or complex legal issues. *Merrill, Lynch, Pierce, Fenner & Smith, Inc.* v. *Brooks,* 548 F.2d 615, 617 (5th Cir.), rehearing denied, 550 F.2d 1285 (5th Cir.), cert. denied, 434 U.S. 855, 98 S. Ct. 173, 54 L. Ed. 2d 126 (1977); *American Oil Co.* v. *Hart,* 356 F.2d 657 (5th Cir. 1966); *Wilson* v. *Homestead Valve Mfg. Co.,* 217 F.2d 792 (3d. Cir. 1954); *Basko* v. *Sterling Drug, Inc.,* 416 F.2d 417 (2d Cir. 1969). In *Basko,* the United States Court of Appeals, Second Circuit, applying Connecticut law in a product liability case, concluded (p. 430) that the question of causation and the questions of whether the product was defective or unreasonably dangerous should be submitted to the jury by the use of interrogatories and expressly so directed the trial court receiving the case on remand.

In view of the above we conclude that the use of interrogatories in the present case was not improper.

## II

The plaintiffs next contend that the interrogatories were improper in form and content in that they required the jury to reach legal conclusions, thereby exceeding the proper scope of their function. They also claim that the "repeated use" in the interrogatories of "legal terms" had a confusing effect on the jury. We find that neither claim has merit.

It is undisputed that the function of the jury is to find the facts and that in so doing, the jury must apply to the evidence before them the rules of law provided by the court in its charge. It is also well settled that the proper function of interrogatories is to provide a means by which the jury may record the findings of fact which form the basis for their verdict. *Freedman* v. *New York, N.H. & H. R. Co.,* supra. We note, in this regard, that determinations of whether a particular product is "defective" or "unreasonably dangerous" are *factual* determinations and, as such, are clearly within the province of the jury. *Slepski* v. *Williams Ford, Inc.,* 170 Conn. 18, 23, 364 A.2d 175 (1975); *Basko* v. *Sterling Drug, Inc.,* supra. We conclude therefore that the interrogatories submitted by the court provided a proper basis for determining the correctness of the general verdict returned by the jury.

The plaintiffs next argue that the court confused the jury by using in the interrogatories "words of art" such as "defective," "unreasonably dangerous" and "rule of strict liability." They claim that those terms had acquired legal significance "which clouded

their colloquial use" and that as a result the use in the interrogatories of those terms was "likely to confuse consideration of the issue to which reference was made." Since a major purpose of the court in instructing the jury is to ensure that relevant legal terms will be given the particular meaning attributed to them in the law, we fail to see how it can be claimed that the court erred by using such "legal terms" in its interrogatories.

The plaintiffs' claim that the jury were left to speculate as to the "general standard of defectiveness" and the "legal standard of unreasonably dangerous products under the rule of strict liability" is also without merit. The court, in its charge, defined the legal standards applicable to each of the factual determinations required by the interrogatories. Since there is no claim of error directed at the court's charge, the charge must be presumed to have been correct. Under these circumstances, the legal references in the interrogatories were appropriate means for the court to use in referring to those portions of its charge dealing with the rule of strict liability.

### III

The final question of whether the court erred in submitting the interrogatories without having made copies available to counsel before closing argument is a matter of first impression. The resolution of that question is complicated by the fact that at the time of this trial there was no rule of practice governing the procedure to be used in submitting interrogatories.[3]

---

[3] We are advised that the Rules Committee is presently considering adoption of a rule to govern the submission of interrogatories.

While there was no specific rule on point, the usual practice was for the party who desired to have interrogatories submitted to make a motion and file copies of the proposed interrogatories with the court and opposing counsel prior to closing argument. *Falk* v. *Schuster,* 171 Conn. 5, 8–9, 368 A.2d 40 (1976); *Meglio* v. *Comeau,* 137 Conn. 551, 555, 79 A.2d 187 (1951). The filing of interrogatories before argument is essential to ensure that the court have an opportunity to review them and to give opposing counsel an opportunity to object and to argue his objections to the court.

In the present case, the above requirements were met. As already noted, the defendant's counsel submitted proposed interrogatories prior to argument. Counsel for the plaintiffs had ample opportunity to argue their form and content and to object to their submission, which he did. Because the parties could not agree, the court reserved decision on those interrogatories. Both counsel then made their closing arguments without requesting the court to make a decision on the defendant's interrogatories. After its charge, the court announced that the jury would be asked to answer four interrogatories which the court had prepared. Those interrogatories, which are the subject of this appeal, were then submitted to the jury along with the verdict forms.

The plaintiffs do not take issue with the established principle that when the parties cannot agree, the court itself may prepare and submit such interrogatories as it determines to be appropriate. *Barber* v. *Baldwin,* 135 Conn. 558, 67 A.2d 1 (1949). The plaintiffs contend, rather, that the procedure used by the court constituted a "sudden, unjustified, and unnecessary alteration in standard judicial practice"

and that the procedure used deprived them of a meaningful opportunity to be heard in argument upon the issues and evidence relating to the interrogatories.

In this connection, we observe first that the failure of the court to make copies of its interrogatories available to counsel before argument was inadvertent. When the plaintiffs' counsel objected that it was error to submit interrogatories without first making them available to counsel at the same time as the verdict forms, the court responded as follows: "I might state, for the record, Mr. Davis, that the interrogatories as corrected by the court were not available at that time. They were being typed. It was my intention to submit them to you with the verdict forms, but I didn't get them delivered to me in typed form until I was actually charging the jury. . . . I did intend to give them to you, yes. In fact, I had a copy made for you. But they weren't typed in time."

We agree that it would have been preferable for the court to have provided counsel with copies of its interrogatories prior to oral argument. However, in the absence of a specific statutory directive or rule of practice requiring that precise procedure, we cannot say that the failure of the court to do so in this case constituted reversible error unless the plaintiffs can affirmatively show that they were prejudiced by the court's action.

In this regard, we note first that the interrogatories submitted were virtually identical to allegations made by the plaintiffs in the first count of their substituted complaint, and that the issues addressed by the interrogatories were in fact argued to the jury by the plaintiffs' counsel. The record reveals

that the plaintiffs' counsel set forth, *at length,* in closing argument the evidence which he felt would support a cause of action under strict liability in tort. He urged the jury to find that the O'Brien paint purchased by Mrs. Gaulton was defective; that the paint was unreasonably dangerous; and that the paint was the cause of Gregory Gaulton's injuries. Counsel also argued that the defendant had a duty to warn of any hazards connected with the use of its products.

It is significant also that the interrogatories submitted were, for all practical purposes, the same as those filed by the defendant's counsel prior to argument, and which were commented upon and objected to by the plaintiffs' counsel prior to argument. In sum, we find that the evidence in the record does not support the plaintiffs' claim that the failure of the court to make copies of its interrogatories available to counsel before argument deprived them of a meaningful opportunity to be heard on the evidence and issues relating to the subject of the interrogatories. We conclude that the trial court did not err in denying the plaintiffs' motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.