[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT MOTION FOR SUMMARYJUDGMENT
This case came to this court when on January 4, 1991, the plaintiff, Barbara L. Rana, filed a complaint against the defendant, Frank Ritacco d/b/a Ocean State Cleaning. The plaintiff seeks to recover for injuries she suffered when she slipped and fell on a waxed floor at her place of employment. The complaint alleges that the defendant, Frank Ritacco d/b/a Ocean State Cleaning, caused her injuries by negligently waxing the floor and by failing to warn the plaintiff of the floor's dangerous condition. On January 14, 1992, Ritacco filed an amended two count third-party complaint against the third-party defendant, Perma Incorporated [Perma], alleging that Perma is liable to reimburse and to indemnify Ritacco for any loss that Ritacco may suffer to Rana. In count one, Ritacco seeks indemnification based on common law negligence. In count two, Ritacco seeks indemnification under Connecticut's Product Liability Act, General Statutes §52-572m et seq. Ritacco specifically alleges that because Perma manufactured the floor finish, it had a duty to manufacture the product safely and to give adequate instructions and warnings. On February 14, 1992, the plaintiff filed an amended three count complaint, in which the plaintiff added a product liability count against Perma.
On March 5, 1992, Perma filed an answer and special defense to the third-party complaint. CT Page 10902
On May 13, 1994, Perma filed the instant motion for summary judgment against Ritacco on the third-party complaint on the ground that because Ritacco testified under oath that he was not aware of any defect in Perma's product and that he was aware of the proper procedures for using Perma's product.[1]
In accordance with Practice Book § 205, Perma has submitted a memorandum of law in support of its motion for summary judgment. Ritacco has opposed this motion with a memorandum of law in opposition and his own affidavit.
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil v. UrbanRedevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
"The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 105, quoting D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980). "`A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case.'" Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990), quotingUnited Oil Co. v. Urban Redevelopment Commission, supra,158 Conn. 379.
Perma argues that there are no genuine issues of fact and that it is entitled to judgment as a matter of law. To prove that there is no factual dispute, Perma asserts in its memorandum of law that Ritacco in his deposition declared that he did not believe that Perma's product was dangerous and that he did not have any reason to believe that Perma's product was CT Page 10903 dangerous. The deposition was not filed with the court.
A motion for summary judgment "should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimonyunder oath, disclosures, written admissions and the like." (Emphasis added.) Orenstein v. Old Buckingham Corp., 205 Conn. 572,574, 534 A.2d 1172 (1987), citing Practice Book § 380. "Unsworn assertions of fact . . . do not entitle a party to a summary judgment." Scinto v. Stamm, 224 Conn. 524, 532-33,620 A.2d 99, cert. denied ___ U.S. ___, 114 S.Ct. 176,126 L.Ed.2d 136 (1993).
Under these rules the court may not consider Ritacco's deposition testimony because Perma did not submit a certified transcript. Without Ritacco's deposition testimony, Perma has not met its burden of showing that there are genuine issues of material fact.
But, even if Perma had properly filed a certified transcript of the deposition testimony, Perma's motion for summary judgment would be denied for another reason. Summary judgment is not appropriate because deposition testimony cannot establish whether Perma met its duty under the common law for negligence or under Connecticut's Product Liability Act.
Negligence cases, which involve determining whether the defendant breached an appropriate standard of care, are usually not resolved by summary judgment. Spencer v. GoodEarth Restaurant Corp., 164 Conn. 194, 198, 319 A.2d 403
(1972). "Whether a product is defective under § 52-572q is a question of fact. Subsection (b) of that statute clearly states that `in determining whether instructions or warnings were required and, if required, whether they were adequate,the trier of fact may consider:. . . ." (Emphasis in original.) Sharp v. Wyatt, Inc., 31 Conn. App. 824, 834,627 A.2d 1347 (1993); see also Gaulton v. Reno Paint WallpaperCo., 177 Conn. 121, 126, 412 A.2d 311 (1979).
"A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of [the deponent] may contradict [the] earlier statement and a question for the jury to decide may emerge." Esposito v. Wethered, 4 Conn. App. 641, CT Page 10904 645, 496 A.2d 222 (1985).
Ritacco's deposition does not conclusively establish whether the warnings were adequate. A jury could find that Perma breached its duty of care. A jury might find, based on evidence submitted consistent with these pleadings, that Ritacco was ignorant of the product's dangers because Perma failed to warn him of them.
The case Burns v. Hartford Hospital, 192 Conn. 451
(1984), relied on by Perma, does not require a different result. In that case the issue related to the statute of limitations not the question of liability, and the Supreme Court referred to the deposition testimony as "overwhelming testimonial evidence to the contrary. . ." as opposed to ". . . unsupported averments . . ."[2] This case does not contain the equivalent situation.
Accordingly, the motion for summary judgment must be denied because Connecticut's product liability statute expressly grants the trier of fact the power to determine whether a manufacturer has breached its duty of care and the determination of breach of duty of care is a question of fact for the jury, and also because deposition testimony, which can be contradicted at trial, cannot be used under these allegations to establish that no issue of material fact exists.
The motion is denied.
Leuba, J.