[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM: MOTION TO SET ASIDE
In this negligence case, the jury rendered a defendant's verdict. The plaintiff now seeks to set it aside.
The plaintiff's complaint alleged negligence against United Parcel Service of America, Inc. (UPS) while she was loading the defendant's truck with packages, in that UPS failed to provide assistance to her; in that UPS forced plaintiff to load the truck by use of unsafe portable steps; and in that she was forced to carry and load excessively heavy packages.
In addition to denying the plaintiff's claims of negligence, the defendant has filed a special defense which, in essence, pleaded that the plaintiff failed to maintain a reasonable lookout and be watchful of her surroundings.
In its instructions to the jury relative to the defendant's special defense of contributory negligence, the court submitted interrogatories which requested the jury to determine whether the plaintiff was guilty of Contributory Negligence and, if so, what was the percentage of such plaintiff's negligence. Unfortunately, along with the defendant's verdict, the jury returned the interrogatories unanswered.
At the hearing on this motion, plaintiff's counsel argued that since the interrogatories were unanswered, no comparative negligence calculation was made by the jury. The court has difficulty in agreeing that Counsel's conclusion from the unanswered interrogatories necessarily follows. Nevertheless, plaintiff's counsel further argues that since there was no finding of comparative negligence, the jury's verdict must have been based soley on a finding that the defendant UPS was not negligent, which counsel claims was against the weight of the evidence.
Whether the work surrounding were dangerous and unsafe as claimed; whether the defendant failed to provide assistance; whether the portable steps leading to the truck were dangerous CT Page 6881 and unsafe, were all questions of fact for the jury to decide, and the court is unable to state that the jury could not have reached its conclusion from the evidence, reasonably and legally.Bound Brook Assoc. v. Norwalk, 198 Conn. 660, 667.
Apart from this, however, the plaintiff faces a more difficult burden. In this case, there were two separate issues; a denial of the defendant's negligence and a special defense of contributory negligence. The court, as noted, submitted interrogatories with respect to the special defense of contributory negligence, which were unanswered. Interrogatories in cases such as this are generally filed as protection against the rule that a general verdict imports the finding of all issues in favor of the prevailing party. Gaulton v. Reno Paint Wallpaper Co., 177 Conn. 125. Stated in another way, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. Curry v.Burns, 225 Conn. 780, 782.
In this case, the court submitted interrogatories which remained unanswered. If the plaintiff wished to protect herself from the implications of a general verdict, counsel should have requested that the interrogatories be answered. In the court's mind, not requesting that interrogatories submitted be answered is tantamount to submitting no interrogatories, which invokes the general verdict rule under Curry v. Burns, supra.
The motion to set aside the verdict is denied.
Belinkie, J.R.