[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE
In this negligence case, the jury rendered a defendant's verdict. The plaintiff now seeks to set it aside.
The plaintiff's complaint alleged negligence against the defendant, who, it was claimed exited Route 25 in a southerly direction and passed a stop sign at the intersection of Old Town Road. In addition, the complaint alleged that the defendant drove at an unreasonable rate of speed and failed to keep a proper lookout.
In addition to denying the plaintiff's claims of negligence, the defendant filed a special defense, pleading that the plaintiff failed to keep a proper lookout, failed to maintain her vehicle under proper control, operated at an excessive rate of speed and failed to sound her horn or take evasive action to avoid the collision.
In its instructions to the jury relative to the defendant's special defense of contributory negligence, the court submitted interrogatories which requested the jury to determine whether the plaintiff was guilty of contributory negligence, and, if so, the percentage of such plaintiff's negligence. Unfortunately, along with the defendant's verdict the jury returned the interrogatories unanswered.
In view thereof, in this motion to set aside the verdict, the plaintiff faces a difficult burden. In this case, there were two separate issues; a denial of the defendant's negligence and a special defense of contributory negligence. As noted, the interrogatories submitted by the court with respect to the special defense of contributory negligence were unanswered. In cases such as this, interrogatories such as this are generally filed as protection against the rule that a general verdict CT Page 13770 imports the finding of all issues in favor of the prevailing party. Gaulton v. Reno Paint and Wallpaper Co., 177 Conn. 125. Stated in another way, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. Curry v. Burns, 225 Conn. 780, 782.
In this case the court submitted interrogatories which remained unanswered. If the plaintiff wished to protect herself from the implications of a general verdict, counsel should have requested that the interrogatories be answered. In the court's mind, not requesting that interrogatories submitted be answered is tantamount to submitting no interrogatories, which invokes the general verdict rule under Curry v. Burns, supra.
The court is also mindful that deliberations in this case spread over two days. During such deliberations, the jury requested that it re-hear the obligations involved in the stop sign law. It seems apparent, at least to this court, that the jury was wrestling with the issue of whether having stopped at the stop sign, the defendant saw no cars approaching the intersection so closely as to constitute an immediate hazard. Connecticut General Statutes 14-301(c). This was an issue of fact which the jury apparently decided in the defendant's favor. Counsel for the plaintiff simply asks that the court adopt the plaintiff's version of the evidence as against the defendants. This would result in the court's usurpation of the jury's function and prerogative. This the court cannot do. Mansfield v.New Haven, 174 Conn. 373 at page 375.
The motion to set aside the verdict is denied.
MILTON H. BELINKIE JUDGE TRIAL REFEREE