### ARTHUR A. FOGARTY

vs.

### FIDELITY & CASUALTY COMPANY

| Superior Court | Hartford County | File #48845 |
|---|---|---|

Present: Hon. NEWELL JENNINGS, Judge.

| Gross, Hyde & Williams, | Attorneys for the Plaintiff. |
|---|---|
| Day, Berry & Howard, | Attorneys for the Defendant. |

**MEMORANDUM FILED MARCH 17, 1936.**

JENNINGS, J. Since there is no substantial difference be-

tween the facts found in the former trial (120 Conn. 296) and those developed on the new trial, there is no necessity for repeating them here.

The focal point in the case is to be found in the exact wording of the insuring clause of the collision policy issued to the plaintiff by the defendant (Exhibit A). It reads as follows:

> "To insure the Assured against loss on account of damages to, or loss of, any automobile described in Declaration 5, . . . ., if caused by collision with any object or by upset (excluding damage by fire) . . . ."

If this exclusion clause had read "excluding collision or upset caused by fire and damage by fire" there would be no case entitled Fogarty vs. Fidelity & Casualty Company. The real question in the case is whether the parties intended that this clause should be read in the latter sense.

Exceptions in an insurance policy are the rule. Their use is defended on the ground that their presence in the policy affects the amount of the premium in favor of the insured. For instance, life insurance rates would necessarily be higher if the exception with reference to suicide within a specific period were not included therein. So here, the plaintiff's premium would presumably have been higher had damage by fire not been excluded from the policy.

While, as indicated, exceptions in an insurance policy are proper and, when clear, are sustained, "a person taking out insurance bargains for a certain protection, and for a consideration the insurer agrees to furnish that protection. The usual principles of causation should not be so closely applied as to defeat the intent of the parties." Fogarty vs. Fidelity & Casualty Company, 120 Conn. 296, 303. It is important, even if difficult, to bear in mind that, as far as the issues of this case are concerned, the only insurance the plaintiff had was against collision and upset. If that had been the situation in fact, it would certainly be hard if the plaintiff could not recover in this case. Equally unsatisfactory would be the situation if the fire company had not paid up but had respectfully referred the plaintiff to the casualty company which, in turn, with equal respect, returned him to the fire company. It seems much fairer, with the policies and facts as disclosed in this case, to permit a full recovery against either company

and then let the companies adjust their rights between themselves. The defendant had the opportunity of protecting itself against the particular hazard which caused loss in this case. Since the exclusion clause used by it does not clearly give this protection, the company is liable.

The question is a difficult and interesting one. This result always follows when an attempt is made to fit a definition to a state of facts not contemplated when the definition is formulated. When all is said and done, however, the Supreme Court has really decided this case. On the page last cited, the following appears: "the loss by fire may be regarded as properly a consequence of the collision and upset." The change in the pleadings and burden of proof affects neither the significance nor importance of this statement. Since the finding of facts will remain substantially the same, this conclusion of the Supreme Court puts the responsibility squarely on the defendant as far as this case is concerned.

Judgment for the plaintiff for $5000. plus interest from December 6, 1933.