# ROSE KOSSOVER
vs.
# WILLIMANTIC TRUST COMPANY

Superior Court       Windham County         File #6162

Present:  Hon. ERNEST A. INGLIS, Judge.

John B. Harvey,                  Attorney for the Plaintiff.

Frank H. Foss,                   Attorney for the Defendant.

122 Conn. 166     .     MEMORANDUM FILED MAY 15, 1936.

INGLIS, J.  On June 9, 1930, one Helen Klosinski, deposited $1800.00 in the savings department of the defendant bank.  On June 14, 1930, she presented herself at the bank and told the teller in the savings department that she wished to withdraw her account.  The teller asked her whether she wished cash or a draft and she replied that she wanted a draft.  Thereupon a draft for $1800.00 drawn on the Guaranty Trust Company of New York and signed on behalf of the defendant by its assistant treasurer was prepared and given to Mrs. Klosinski.  She signed a withdrawal slip stating that she was withdrawing $1800.00 and that that closed her account and left the bank.  The withdrawal was then entered on the ledger card for Mrs. Klosinski's account and a red line drawn thereon to indicate that the account was closed.

On June 23, 1930, the defendant was garnisheed in an action brought by the present plaintiff against Antoni Klosinski and said Helen Klosinski which was returnable to this court on the first Tuesday of September, 1930.  On May 12, 1932, judgment was rendered in that action for the plaintiff to recover damages and costs amounting to $855.06.  Execution was taken out on that judgment and on June 24, 1932,

demand was made upon the present defendant but it refused to pay anything to the sheriff. The sheriff's fees added to the judgment made the amount due $861.18.

After Mrs. Klosinski received the draft from the defendant on June 14, 1930 she continued to hold it in her possession until June 27, 1930, when she asked the teller in the commercial department of the defendant bank to cash it for her. This he did. The assets of the savings department of the defendant bank were kept separate and distinct from those of its commercial department and, in particular, whereas the savings department kept a deposit in the Guaranty Trust of New York, the commercial department kept its New York deposit in the Irving Trust Co. Accordingly, after the draft was cashed, it was sent through The Irving Trust Co. for collection, was collected out of the savings department deposit in The Guaranty Trust Co. and credited to the defendant's commercial department account in The Irving Trust Co.

The question to be decided is as to whether on that statement of facts the defendant bank, on June 23, 1930, when the process of foreign attachment was served on it, was indebted to Helen Klosinski. That turns on the question as to whether the indebtedness of the bank to Mrs. Klosinski as a depositor had been paid and satisfied by giving her the draft on June 14th.

When a check or draft is given by a debtor to his creditor and accepted by the latter the presumption is that it was intended as no more than a conditional payment. The debt is not paid until the check or draft is paid. Such a check or draft is the payment of the preexisting indebtedness only if there is an agreement between the parties that it is given and taken as such or if that appears to have been the intention of the parties. In the absence of special agreement or understanding to the contrary "the giving of a draft by a debtor to his creditor does not discharge the debt itself until the draft is paid; it is a means adopted to enable the creditor to obtain payment of the debt and remains until honored or paid, evidence of the indebtedness."

Alexiou vs. Bridgeport-Peoples' Savings Bank, 110 Conn. 397, 401.

Bassett vs. Merchants Trust Co., 118 Conn. 586, 593.

Reade vs. Indemnity Insurance Co., 121 Conn. 309.

As between a bank and its depositor seeking to withdraw an account entries made by the bank in its own records to the effect that the payment has been made or that the account has been closed do not evidence an agreement that the draft has been given and accepted as final payment. It makes no difference that the draft has been given for the whole deposit. As is stated in **Bassett vs. Merchants Trust Co., supra at page 596:** "So where a depositor in a savings bank seeking to withdraw the whole or a part of his account, presents his pass book and upon receiving a check or draft for the amount to be withdrawn, entries are made upon the pass book and the books of the bank, charging his account with the amount of the check or draft, these acts must be construed not as themselves evidencing receipt of the check or draft by the depositor in payment of his claim upon the bank, but as the natural result of the assumption that the check or draft will ultimately be paid and so his claim satisfied."

In the present case, none of the entries made by the bank nor the fact that they were made, nor the fact that the depositor asked to withdraw her whole account and signed a withdrawal slip to that effect can evidence any agreement nor understanding that the draft was given and received as payment of the deposit. The only other element in the case which has a bearing on the question is the fact that Mrs. Klosinski was asked whether she preferred cash or draft and decided to take a draft. It is claimed by the defendant that, because of that, the draft took the place of cash and was just as much of a final payment as the payment of cash itself would have been. It might as well or better be argued that the fact that Mrs. Klosinski elected to take a draft rather than cash indicated that she preferred to have such an evidence of indebtedness rather than the immediate payment in cash. The added fact that instead of cashing the draft immediately she held it for two weeks before cashing it lends strength to the latter interpretation of her conduct.

In short there is nothing in the evidence which even tends to overcome the presumption that the draft was given only as a conditional payment of Mrs. Klosinski's deposit. It must therefore be concluded that on June 23rd the draft not then

having been paid or indeed not then having been endorsed by Mrs. Klosinski to any third person, the defendant bank was still indebted to her in the amount of $1800.00.

The only question involved in this case is as to whether the defendant bank was indebted to Mrs. Klosinski on June 23, 1930. It therefore makes no difference one way or the other that the defendant bank itself cashed the draft on June 27th.

The plaintiff is entitled in this action to recover of the defendant the amount of the judgment obtained against Mrs. Klosinski plus sheriff's fees on execution with interest thereon from June 24, 1932, the date when demand was made.

Judgment may enter for the plaintiff to recover of the defendant $1063.53 and her taxable costs.