[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTION TO DISMISS
The defendant moves to dismiss the plaintiff's complaint as per Conn. Practice Book 302. The issues are as follows: Whether the defendant is entitled to dismissal on the alleged failure of the plaintiff to produce a listing contract signed by the record owner of the property, and whether the power of attorney executed by one Melanie Barocas satisfies Conn. Gen. Stat. 20-325a(b)(5).
The court concludes that the fact that the defendant did not hold record title at the time the listing agreement was signed CT Page 4106 does not invalidate the agreement and further that the power of attorney executed by Melanie Barocas satisfies the requisites of Conn. Gen. Stat. 20-325a(b)(5).
The following facts have been established at trial.
On April 25, 1986, the plaintiff and defendant entered into a written, exclusive listing contract for real property owned by the defendant. On April 9, 1986, Melanie Barocas had given the defendant a general, all-encompassing power of attorney, broad enough to include the listing agreement. See Conn. Gen. Stat. 1-55. Under the terms of the agreement the defendant promised to pay a 5% commission to the plaintiff if a sale was consummated before October 25, 1986.
At the time that the parties signed the listing agreement, the defendant did not hold record title to the premises. Title was actually held by one Russell Waldo. On May 1, 1986, Russell Waldo conveyed the property to the defendant Robert Baptie and Melanie Barocas. It was the intent of the defendant Baptie and Melanie Barocas to purchase a building lot, construct a house and then resell the property, as joint venturers. Subsequently, the plaintiff located a buyer, and on June 3, 1986, Baptie, acting individually and under the power of attorney, signed a purchase and sale agreement, the purchasers being James and Laura Wicko.
The defendant Baptie has refused to pay the plaintiff the 5% commission, allegedly owed under the exclusive listing agreement. the plaintiff brought this action to recover the commission.
Trial in this matter began on September 25, 1990. At the conclusion of the plaintiff's case, the defendant moved for dismissal pursuant to Conn. Practice Book 302 for failure to make out a prima facie case.
Conn. Gen. Stat. 20-325a(b) sets out the preconditions for a real estate broker bringing a commission collection action. The contract sued upon must ". . .(5) be signed by the owner or an agent authorized to act on behalf of the owner." The defendant argues that the fact that he (Baptie) did not hold record title until after he signed the listing agreement amounts to statutory non-compliance that would mandate a dismissal. The plaintiff argues that the parties intended that Baptie and Barocas would subsequently hold title.
"The word `owner' has no fixed meaning but must be interpreted in its context and according to the circumstances in which it is used." Smith v. Planning Zoning Board, 203 Conn. 317,322 (1987). It includes one having an interest other than the full legal and beneficial title. Smith v. Planning Zoning CT Page 4107 Board, 3 Conn. App. 550, 553 (1985).[1]
Here when the plaintiff was employed, it was understood by the plaintiff and the defendant and Barocas that there would be procured one building lot and that the defendant and Barocas would own the real estate, and with that potential interest becoming a reality via the purchase of the lot from Waldo, the joint venturers would build a residence. Under the circumstances of this case, the potential interest of the defendant and Barocas rendered the execution of the listing agreement valid albeit the defendants were not the owners of record.
The listing agreement, executed by Baptie as the owner, is dated April 25, 1986, and specifies that the property to be sold is Lot 4, Oak Bluff, Guilford. Title to this real estate was obtained by the defendant and Barocas on May 1, 1986. (See defendant's brief, page 2). Within a month thereafter the defendant (May 29, 1986) agreed to sell "property in the town of Guilford" listed in the addendum to the purchase-sell agreement as Lot 4 Oak Bluff, Guilford. A dwelling was to be constructed on said lot, the purchasers of the real estate buyers being the Wilkes.
An examination of the legislative history of Conn. Gen. Stat.20-325a(b)(5) reveals that in 1985 the statute was amended to substitute "owner" where it had previously read "seller". Conn. Public Acts No. 85-116. That legislature intended this amendment to use a non-substantive technical change.[2] A technical change of a general statute is presumed to have no effect on the state of substantive law. State v. Perry, 195 Conn. 505, 514 (1985).
The court finds that the defendant was the "seller" in this transaction within the meaning of the statute and that the 1985 amendment substituting the term "owner" does not alter this result. That is to say, it was within the contemplation of all of the parties that the plaintiff would attempt to sell the property and that during all the transactions, i.e., entering into the listing agreement and selling the property, Baptie was acting individually and as Barocas' agent.
Furthermore, the legislature intended for the 1985 amendment of Conn. Gen. Stat. 20-325a(b) to render the statute more expansive. The legislature specifically sought to cover the transaction beyond a purchase and sale, and allowed for the agent of the realtor or seller to sign the listing agreement.[3] In light of the legislative intent the word "owner" should be given a broad construction.
The court finds that the legislature intended to cover Baptie because he was the seller in this transaction. This result is CT Page 4108 consistent with other courts to consider this issue.
Where the signatory of the listing agreement is not the owner of record, a realtor is not precluded from collecting a commission. Realty World-Settani Associates, Inc. v. Pelletier,3 CSCR 327, 328 (March 4, 1988, Healey, J.) (Defendant's Motion for Summary Judgment denied).
It is therefore found that the fact that the defendant did not hold record title at the execution of the listing agreement does not invalidate the agreement under Conn. Gen. Stat. 20-325
a(b)(5).
The Power of Attorney
Conn. Gen. Stat. 20-325a(b)(5) also requires that when the owner's agent signs the listing agreement the agent must be "authorized" to act on behalf of the owner only by a written document executed in the manner provided for conveyance in Section47-5."
When the property is owned by two persons, the listing agreement must be signed by both of them, or by their authorized agents. Preferred Properties, Inc. v. Davis, 4 CSCR 25, 26
(November 16, 1988, Cioffi, J.).
In the case at bar, Melanie Baracos had executed a power of attorney to Robert Baptie on April 9, 1986. Plaintiff's Exhibit E. This document satisfies the requirements of Conn. Gen. Stat.20-325a(b)(5), because it is in writing, signed by the grantor under seal, and acknowledged by two witnesses. Conn. Gen. Stat.47-5.
The court finds that the evidence is crystal clear that all parties to this transaction recognized that Baptie was acting on behalf of Barocas under a power of attorney executed by Barocas.
Baptie had the authority to enter into a valid listing agreement. See Conn. Gen. Stat. 20-325a(b)(5).
The motion to dismiss pursuant to Conn. Practice Book 302 is denied.
ANTHONY E. GRILLO, STATE TRIAL REFEREE