[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that on April 25, 1986 the plaintiff and defendant entered into a written, exclusive listing contract for real property owned by the defendant. Under the terms of this agreement the defendant promised to pay a 5% commission to the plaintiff if a sale of the listed property was consummated before October 25, 1986.
At the time the parties signed the listing agreement, the defendant Robert Baptie, did not hold record title to the premises. Title was actually held by one Russell Waldo. On May 1, 1986, Russell Waldo conveyed the property in question to the defendant, Robert Baptie and Melanie Barocas as joint tenants. Subsequently, the plaintiff located a buyer (James and Laura Wicko), and a sale was consummated on June 3, 1986.
The plaintiff brought this action to recover the 5% sales commission allegedly owed to it pursuant to the listing agreement.
Conn. Gen. Stat. 20-325a (b) sets out the preconditions for a real estate broker bringing a commission collection action. The contract sued upon must ". . . (5) be signed by the owner of an agent authorized to act on behalf of the owner." The statutory requirements of 20-325a (b) are mandatory and not permissive. Thornton Real Estate, Inc. v. Lobdeu, 184 Conn. 228,230 (1981); Rosenberg-Doern Co., Inc. v. Weiner, 17 Conn. App. 294,305 (1989). "A broker who does not follow the mandate of the statute does so at his peril." Thornton Real Estate, Inc., 184 Conn. 228 at 230-31.
The defendant argues that the fact that he did not hold record title until after the listing agreement was signed bars the plaintiff's recovery in this action. The plaintiff argues that Robert Baptie signed the listing agreement both CT Page 1534 individually, and as Melanie Barocas' agent.
When the property is owned by two persons, the listing agreement must be signed by both of them, or by their authorized agents. Preferred Properties, Inc. v. Davis, 4 CSCR 25, 26
(November 16, 1988, Cioffi, J.). If an agent signs, the agent must be "authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyance in Section 47-5."
In the case at bar, Melanie Barocas had executed a power of attorney to Robert Baptie on April 9, 1986. Plaintiff's Exhibit E. The plaintiff contends that the power of attorney satisfies Conn. Gen. Stat. 20-325a (b)(5). However, the court finds that this power of attorney was executed for the limited purpose of obtaining a mortgage from Guilford Savings Bank. Defendant's Exhibit 2. "[T]he question of agency is one of fact to be determined by the trier of fact. Cohen v. Meola, 184 Conn. 218,220 (1981). Robert Baptie did not sign the listing agreement as Melanie Barocas' agent, but in his individual capacity only. The court therefore finds that the listing agreement in this case did not comply with Conn. Gen. Stat. 20-325a (b)(5), barring the plaintiff's recovery.
Counterclaim and Setoff
In the counterclaim, the defendant alleges that the plaintiff acted negligently, and its negligence resulted in a purchase and sale contract (with James and Laura Wicko) that was not enforceable. Consequently, the defendant alleges he incurred financial loss. The evidence presented to this court reveals, and the court finds, that any financial loss allegedly incurred by the defendant was not caused by any alleged negligence by the plaintiff. The defendant testified, and we find, that Melanie Barocas had resisted closing due to dispute between Ms. Barocas and the defendant. Therefore, the defendant cannot prevail on his counterclaim.
Judgment may enter for the defendant on the plaintiff's complaint and for the plaintiff on the defendant's counterclaim.
ANTHONY E. GRILLO STATE TRIAL REFEREE