[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY COMPLAINT
The third party defendant moves to strike the third party complaint on two grounds: 1) that where the establishment CT Page 6010 of municipal liability under Conn. Gen. Stat. 13a-149 requires proof that a defect, for which a municipality is responsible, was the sole proximate cause of the alleged injury, that municipality may not seek indemnification from a third party defendant; and 2) that the third party plaintiff has not successfully pled the "exclusive control" element of an indemnification claim.
On June 19, 1989, the plaintiff in the original complaint, Ingrid Cremisi, was a passenger in a car being operated by her husband Albert J. Cremisi on Carter Street in the Town of Manchester. On that date the first party plaintiff was injured when the car she was in skidded, went off the road and collided with a service pole. On May 24, 1990, the original plaintiff caused a single count complaint, which alleged a defective highway claim pursuant to Conn. Gen. Stat.13a-149, to be served upon the original defendant, Town of manchester. The complaint was amended on October 30, 1990, to add a second count sounding in nuisance. Thereafter on September 21, 1990, the original defendant, Town of Manchester, caused a third party complaint, seeking indemnification, to be served upon the third party defendant Albert J. Cremisi.
On April 4, 1991, the third party defendant, Albert J. Cremisi, moved to strike the third party complaint upon two grounds. First, the third party defendant argues that the establishment of municipal liability under Conn. Gen. Stat.13a-149 requires proof that the municipality's negligence was the sole proximate cause of the injury. The third party defendant then argues that the two possible results of this rule are that either:
A. The municipality's negligence will be found to be the sole proximate cause of injury and an indemnification action will thereby be precluded; or
B. The municipality's negligence will be found not to be the sole proximate cause of injury and the need for an indemnification action will thereby be vitiated. Therefore, the third party defendant argues that, either way a third party claim for indemnification is improper.
Second, the third party defendant argues that the third party plaintiff alleges the multiple causes of a motor vehicle and loose stone to be jointly involved in the accident. Therefore, the third party defendant argues that that element of indemnification claim which requires a showing of the third party defendant's exclusive control over the situation cannot be successfully pled. CT Page 6011
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985) (citations omitted). "the allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Id. at 108-09.
In order to recover under Conn. Gen. Stat. 13a-149, "the plaintiff must prove, by a fair preponderance of the evidence . . . that the defect must have been the sole proximate cause of the injuries and damages claimed." Lukas v. New Haven, 184 Conn. 205, 207 (1981); see also Lombardi, Administrator v. City of Hartford, 3 CSCR 326 (March 1, 1988, Hale, J.), citing Janow v. Ansonia, 11 Conn. App. 1, 3 (1987). Upon this basis, the court in Lombardi concluded "[i]f the city is found liable under 13a-149, then it cannot seek indemnification from the defendant property owners. On the other hand, if the city of Hartford is not liable for the defect in the road, then it has no reason to seek indemnification." Lombardi, 3 CSCR 326; see also Kuchinsky v. Ansonia, 5 CSCR 913 (October 12, 1990, Fuller, J.).
The third party plaintiff attempts to distinguish the above cases upon the basis that they involved cross claims against original defendants not third party complaints directed toward third party defendants who were not parties to the original action. The third party plaintiff argues that in order to prove that the defect was not the sole proximate cause, the third party complaint, which alleges the negligence of Albert J. Cremise, must be allowed.
We find this attempted distinction to be ineffectual and conclude that the third party indemnification action is improper.
The third party defendant has also moved to strike the third party action based upon the third party plaintiff's inability to plead the exclusive control element of an indemnification claim. See Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 698 (1988); citing Kaplan v. Merbera Wrecking Corporation, 152 Conn. 405, 416 (1965).
The first stated ground of the motion to strike is dispositive. However, regarding the second stated ground, although the third party complaint alludes to stone and gravel (par. 3(d)) an interpretation of the complaint most favorable to the third party plaintiff shows only one cause of injury being pled. That cause is the negligence of the third party defendant, who is alleged to have been in exclusive control of CT Page 6012 his vehicle. The second stated ground would not have been a valid basis upon which to strike the third party complaint.
The third party defendant's motion to strike the third party complaint is granted.
M. HENNESSEY, J.