ARTHUR A. FOGARTY *vs.* FIDELITY AND CASUALTY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 14th—decided August 3d, 1935.

*Wallace W. Brown,* for the appellant (plaintiff).

*Olcott D. Smith,* with whom, on the brief, was *Joseph F. Berry,* for the appellee (defendant).

MALTBIE, C. J. The defendant issued to the plaintiff a policy upon an automobile truck owned by him, insuring him "against loss on account of damages to, or loss of," the automobile, "including operating equipment while attached thereto, if caused by collision with any object or by upset (excluding damage by fire, tire damage unless other damage is coincident, and any loss or damage caused directly or indirectly by any accident excluded under the policy as a cause of bodily injury or death)." According to the finding of the trial court, with certain minor changes which the plaintiff is entitled to have made in it, the truck was being driven along a highway in Massachusetts after dark at a speed of about thirty miles an hour, when a sheet of flame burst out in the cab without warning. The flame prevented the driver from seeing where he was going and before he could stop the truck, it veered across the highway, went through a fence and down a very steep bank, some seventy-five to one hundred feet high, and stopped in an upset condition. By reason of the fire and the impact with the ground at the bottom of the bank, the body, engine and chassis of the truck were injured beyond practicable repair. The fire continued from the time the flame burst out until everything combustible had been consumed. By reason of the fall, gasoline contained in the tank became ignited, flames shot up seventy-five or one hundred feet high; and when the truck reached the bottom of the bank an explosion occurred. Previous to the accident the truck was in good condition, including its steering gear.

The plaintiff had a policy of insurance covering damage to the truck by fire; the company which issued

the policy paid the loss; but it entered into an agreement with him which recited that it disclaimed liability but was paying the loss so that the plaintiff might avoid litigation, and which contained an assignment to it of the plaintiff's rights under the policy issued by the defendant, any amount recovered to be applied to the payment of the money advanced to him. The plantiff made no written claim against the defendant based upon the clause of the policy insuring him against loss by collision or upset. The trial court concluded that the plaintiff's loss was proximately caused by fire and not by upset or collision, within the terms of the policy; that the policy did not cover any damage sustained by the truck in striking the bottom of the embankment because it excluded any damage done by fire and whatever damage was caused by the collision was proximately caused by the fire; and that even if the policy did cover the damage caused by the collision or upset, the plaintiff had failed to remove the extent of the damage from the realm of conjecture and speculation.

The complaint alleged that the truck was insured against loss or damage arising out of accidental collision or upset "however caused;" that the truck was badly damaged as a result of collision or upset; and and that although the plaintiff had made proper demand upon the defendant, it had refused to pay him anything. The defendant admitted that the truck was insured against loss or damage arising out of accidental collision or upset, that it had not paid the plaintiff anything, but it denied that it was liable for collision or upset "however caused," that the truck had been damaged by collision or upset, and that proper demand had been made upon it. If the defendant intended to claim that the loss was within the provision excluding damage by fire, it should have specially

pleaded to that effect; *Lounsbury* v. *Protection Ins. Co.*, 8 Conn. 459, 466; 6 Cooley, Briefs on Insurance (2d Ed.) p. 5003; it did not do so and, a claim having been made to the trial court that thereby it was precluded from taking advantage of the limitation contained in the clause, the effect of the clause may be eliminated from our consideration. The policy, made a part of the finding, has no provision requiring the filing of proofs of loss or the making of a written demand for payment of any loss within its terms, and the defendant does not question that the notice of the loss given to it was in accordance with the requirements of the policy and was sufficient. Nor do we understand that the defendant very seriously contends that the impact of the car with the earth at the bottom of the bank was not within the meaning of the words "collision with an object" as used in the policy. Had the truck, the driver not being able to see because of the flame, swerved from the highway and run against a tree, a building or a pile of earth, there would be no question that it had collided with the object struck. It can make no difference that, its course diverted from the horizontal almost to the perpendicular by the steep bank, it thereby was brought violently into contact with the ground, which had become an object extending almost at right angles to its course. There was a collision within the terms of the policy. *St. Paul Fire & Marine Ins. Co.* v. *American Compounding Co.*, 211 Ala. 593, 100 So. 904; *Harris* v. *American Casualty Co.*, 83 N. J. L. 641, 645, 85 Atl. 194; *T. C. Power Motor Car Co.* v. *United States Fire Ins. Co.*, 69 Mont. 563, 223 Pac. 112; *Freiberger* v. *Grove Indemnity Co.*, 199 N. Y. Sup. 310; *Polstein* v. *Pacific Fire Ins. Co.*, 203 N. Y. Sup. 362; *Rouse* v. *St. Paul Fire & Marine Ins. Co.*, 203 Mo. App. 603, 219

S. W. 688; *Firemen's Ins. Co.* v. *Savery,* 143 N. E. (Ind. App.) 612.

The burden was upon the plaintiff to prove that he suffered loss by reason of damage to the truck by collision or upset. The policy insures against loss due to these causes and it takes no account of the particular circumstances which bring them about. Leaving out of account any limitation of liability under the exclusion of damage by fire, that in this instance a burst of flame in the cab was the inducing cause in no way discharged the liability of the company for damages due to the collision and upset, any more than would any other like cause, as, for example, the sudden confronting of a forest fire, the spraying of a jet of liquid flame across the front of the truck, or the throwing of a bundle of burning waste into the highway. In many if not most of the cases where an automobile collides with some object or is upset, the collision or upset could be definitely traced to some particular cause which brought it about; and if the liability of the insurer were restricted to those situations where there was no such cause discoverable, the insured would very likely be deprived of the very protection for which he bargained. What was said in *Howard Fire Ins. Co.* v. *Norwich & N. Y. Transp. Co.,* 79 U. S. (12 Wall.) 194, 199, of a fire following a collision is applicable to the situation before us: "It is true, as argued, that as the insurance in this case was only against fire, the assured must be regarded as having taken the risk of collision, and it is also true that the collision caused the fire, but it is well settled that when an efficient cause nearest the loss is the peril expressly insured against, the insurer is not to be relieved from responsibility by his showing that the property was brought within that peril by a cause not mentioned in the contract." See also *Waters* v. *Merchants'*

*Louisville Ins. Co.,* 36 U. S. (11 Pet.) 213, 223; *Norwich & New York Transp. Co.* v. *Western Massachusetts Ins. Co.,* 6 Blatch. (U. S.) 241, 252; *S. C.,* 79 U. S. (12 Wall.) 201; *Delano* v. *Bedford Marine Ins. Co.,* 10 Mass. 347, 354.

The burden was upon the plaintiff also to prove the amount of the damages he suffered from the collision and upset. The fire, which first manifested itself in the outburst of flame, continued to burn until everything combustible about the truck had been consumed. In itself it was not caused by the collision and upset, and if that were all the facts of the case, it might well be that it would be incumbent upon the plaintiff to prove, at least to the extent of reasonable probability, that a certain portion of the damages resulting from the two causes, the fire on the one hand and the collision and upset on the other, was the result of the latter. *Norwich & New York Transp. Co.* v. *Western Massachusetts Ins. Co.,* supra. It is clear, however, that in the very brief time between the outburst of the flame and the coming of the truck into contact with the ground at the bottom of the bank, the flame could have done little if any damage to the truck, particularly in the place where it burst out, the floor of the cab of the truck. The only reasonable conclusion possible is that such damage as was done by the fire, which burned everything combustible about the truck, was the result of its igniting the gasoline in the tanks, and this, the trial court has found, was caused by the fall of the truck, which we hold to constitute a collision and upset within the terms of the policy. It may be that, had it not been for the fire which first burst out in flame, the gasoline would not have ignited; whether or not that was so is not found and very likely could not be known.

Any insurance policy is a contract and the intention

of the parties as manifested in it is determinative of the risks it covers. Where the coverage is based upon loss due to a certain cause, the principles which in legal concept determine causation will ordinarily be applied in carrying out the intention of the parties. But the situation is not entirely like that present in cases of torts and the like. A person taking out insurance bargains for a certain protection, and for a consideration the insurer agrees to furnish that protection. The usual principles of causation should not be so closely applied as to defeat the intent of the parties. Justice Story, in *Peters* v. *Warren Ins. Co.*, 39 U. S. (14 Pet.) 99, 110, after reviewing a number of cases, states: "Illustrations of this sort might be pursued much farther, but it seems unnecessary. Those which have been already suggested sufficiently establish that the maxim, causa proxima non remota spectatur, is not without limitations; and has never been applied in matters of insurance to the extent contended for; but that it has been constantly qualified, and constantly applied only in a modified practical sense, to the perils insured against." As in that case it was held that the contribution to damage to another vessel was "properly a consequence of the collision" between that vessel and the insured ship, and "in no just sense a substantive independent loss," so here, the loss by fire may be regarded as properly a consequence of the collision and upset.

In a case not unlike the one before us, where the loss is due to two independent causes, fire and collision, one who takes out policies covering losses due to both causes may well rest in the assurance that he is fully protected against both; yet should he suffer damage by reason of the two causes operating independently, the rule that he could recover under each policy only such damages as he can show in reasonable probability

to have resulted from the particular peril insured against in that policy, might very likely prevent any recovery at all. Such a result is not one which should be reached if it could be avoided with justice to all parties concerned. No doubt such considerations as these led the Supreme Court of the United States, in *Howard Fire Ins. Co.* v. *Norwich & N. Y. Transp. Co.*, supra, to say: "When one of several successive causes is sufficient to produce the effect (for example, to cause a loss), the law will never regard an antecedent cause of that cause, or the 'causa causans.' In such a case there is no doubt which cause is the proximate one within the meaning of the maxim. But, when there is no order of succession in time, when there are two concurrent causes of a loss, the predominating efficient one must be regarded as the proximate, when the damage done by each cannot be distinguished. Such is, in effect, Mr. Phillips's rule [1 Phillips, Insurance, §§ 1136, 1137]. And certainly that cause which set the other in motion and gave to it its efficiency for harm at the time of the disaster must rank as predominant." In the instant case, upon the finding, the impact of the truck with the earth at the bottom of the bank and the upset was the "predominantly efficient" cause, not only of the wreckage of the truck due to that impact, but of the fire which, resulting from the ignition of the gasoline in the tanks, did the substantial damage due to fire. Leaving out of consideration the limitation in the parenthetical clause as to the defendant's liability for damage due to fire, that fire, consequent upon a risk insured against, was within the coverage of the policy. See *German Savings & Loan Society* v. *Commercial Union Assur. Co., Ltd.*, 187 Fed. 758; *Tracy* v. *Palmetto Fire Ins. Co.*, 207 Iowa, 1042, 222 N. W. 447; *Russell* v. *German Fire Ins. Co.*, 100 Minn. 528, 111 N. W. 400.

The conclusions of the trial court, as is clear from its memorandum of decision, were based upon the conception that, as the first outburst of flame caused the truck to leave the highway and the fire which first manifested itself in that flame continued thereafter to burn until everything combustible about the truck was consumed, the fire was to be regarded as the cause of all the loss which ensued, or that it was at least an independent cause of loss operating concurrently with the collision and upset, so that, for the plaintiff to recover damages done by the latter, it would be necessary for him to segregate in his proof such loss from that due to fire. These conclusions overlook the element in the situation due to the fact found by the trial court that it was the collision and upset which was the immediate cause of the ignition of the gasoline in the tanks, and which thereby brought about the substantial damage due to fire. That being so, the rule requiring the plaintiff to segregate the damage due to a particular peril insured against where the entire loss is due to two causes operating independently would not be applicable. In view of the pleadings and upon the facts found the decision of the trial court cannot be sustained.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.