LILLIAN L. ROGERS *v.* THE COLUMBIAN PROTECTIVE ASSOCIATION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 8—decided May 17, 1945.

*Alexander Winnick,* for the appellant (defendant).

*Jacob Bresnerkoff,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff had hospitalization insurance with the defendant and brought this action to recover expenses for operative treatment in a hospital. The defendant refused payment on the grounds of false statements in the application for insurance and lack of coverage in the policy for the treatment involved. It has appealed from a judgment for the plaintiff, assigning error in the finding and conclusions thereon. The finding as corrected presents the following facts:

On December 9, 1941, the plaintiff made a written application to the defendant for an insurance policy providing indemnity for loss due to hospital confinement necessitated by bodily injury or sickness. The application was premised with the following statement: "I hereby apply to the Columbian Protective Association of Binghamton, N. Y., for a Policy of insurance and to secure same, make the following statements and agree that if any such statement, material to my acceptance as a risk, is false, the insurance under such policy shall be null and void. Any statement made to agent that is not written in this application is not binding upon the company." Among the questions and answers in the application were the following:

"Q. Are you in a sound and healthy condition, mentally and physically . . . ? A. Yes. Q. Have you had appendicitis? A. Yes. Q. Have you had medical or surgical advice or treatment or any departure from good health within the past seven years, if so, state when, cause and duration? A. Tonsils removed June, 1940—fully recovered. Q. Have you ever had or been advised to have a surgical operation? A. Yes. Q. If so, what for? A. Tonsils and appendix removed and fibrous tumor. Q. When performed? A. 1940 and 1930—1933 fibrous tumor removed. Q. Has recovery been complete? A. Yes."

A policy was issued to the plaintiff on this application on December 19, 1941. It contained provisions that no indemnity was payable for any expense incurred for sickness which had its inception before its issuance of the policy and that it did not cover hospital confinement caused by or contributed to by disease of any female generative organ, unless it originated after the policy had been in force for twelve months. As it appeared in the application that the plaintiff had previously had a fibrous tumor removed, a rider was issued in which the parties agreed that because of that fact no indemnity of any kind should be paid to the plaintiff "for loss which results wholly or partly, directly or indirectly from any form of tumorous growth, cancer and/or operation therefor. . . ." The plaintiff was hospitalized from November 25, 1942, to December 11, 1942, for a partial intestinal obstruction. An operation was performed and the obstruction was found to be in the small intestine caused by adhesions of the bowel against the abdominal wall and surrounding structures. The adhesions were attributable mostly to the operation for a ruptured appendix. In exploring the abdomen in the course of the operation, the surgeon found and removed a mes-

enteric cyst, a form of tumorous growth. This did not originate with or affect the uterus, which, together with all the other generative organs of the plaintiff, was normal and in no way diseased. The original and principal purpose of the operation was the freeing of the adhesions.

The claim of the defendant is that the plaintiff, in addition to the hospitalization that she had disclosed in her application, had previously been operated on for pleurisy and for an abscess in the ear, and had had a second tonsillectomy, which facts were material to her acceptance as a risk. The trial court found that the plaintiff was hospitalized for pleurisy in 1925 and for an abscess in the ear in 1939, but stated that it could not find that any surgical operations were performed in the cure of either of these ailments; and it found that these hospitalizations were disclosed to the defendant's insurance agent, who did not deem them material enough to include them in the application. The court found that the answers were not "so false or the non-disclosure so material" as to avoid the policy. The agreement of the plaintiff in the application was that a false statement would avoid the policy only if material to the acceptance of the risk. Particularly in view of the other disclosures made in the application, we cannot find error in this conclusion of the trial court.

The other claims of the defendant may be briefly disposed of. Neither at the trial nor before us did the defendant rely upon the insuring clause of the policy as to loss due to sickness the cause of which originates more than thirty days after the date of the policy but construed it as containing a provision that no indemnity is payable for loss due to sickness which had its inception before the issuance of the policy; the "sickness" which brought about the hospitalization of the

plaintiff was the partial intestinal obstruction; the only finding bearing upon this matter is that the complaint arose several days prior to the operation; and that falls far short of establishing a "sickness . . . which had its inception before the issuance of this policy." The finding of the court that the cyst did not originate with or affect the uterus and that the latter and the other generative organs were normal and in no way diseased is not open to successful attack; upon the evidence, the only connection between the cyst and the uterus was that the former, while it adhered to the latter, was detached by pulling it away with the fingers, without in any way affecting the uterus; and the trial court could well conclude that there was no "disease or operation involving the female generative organs or appendages thereof." The provisions of the rider would preclude recovery for hospitalization resulting from a previous operation only when that operation was one for a tumorous growth or cancer; there is no finding, nor are we asked to find, that the intestinal obstruction was caused by adhesions resulting from the previous operation for tumor. While the cyst is found to have been a form of tumorous growth, the hospitalization of the plaintiff was due to the intestinal obstruction, and the removal of the cyst was incidental to the operation to remedy that condition; and there is no finding, nor indeed any evidence, that the loss suffered by the plaintiff was increased by reason of the removal of the cyst. *Fogarty* v. *Fidelity & Casualty Co.*, 120 Conn. 296, 302, 180 Atl. 458.

There is no error.

In this opinion the other judges concurred.