JOHN BENNETT ET AL. *v.* AUTOMOBILE
INSURANCE COMPANY OF HARTFORD
(11636)

LAVERY, LANDAU and SCHALLER, Js.

Argued April 29—decision released August 24, 1993

*David N. Rosen,* for the appellant (plaintiff Lori
Misura).

*Peter T. Fay,* for the appellee (defendant).

Landau, J. This is an appeal from the judgment of the trial court challenging that court's granting of the defendant Automobile Insurance Company of Hartford's motion to open the judgment and for remittitur. On appeal, the plaintiff Lori Misura claims that the trial court improperly (1) opened the judgment, and (2) ordered a remittitur in the amount of the jury verdict. We reverse the judgment of the trial court on the second claim.[1]

The following facts are pertinent to this appeal. The plaintiffs, John Bennett and Lori Misura, were injured in an automobile accident with an unidentified hit-and-run driver. The plaintiffs brought an action against the insurer for uninsured motorist benefits pursuant to Misura's insurance policy with the defendant. The insurance policy's uninsured motorist clause provided for a total coverage of $100,000. Prior to trial, Bennett signed a "Release of all Claims" and filed a withdrawal of his claim in the trial court in consideration of payment of $37,115. Misura elected to go to trial on her claim.

The plaintiffs' initial complaint identified the insurance policy and the policy limit of $100,000 for uninsured motorist coverage. The defendant filed a request to revise, requesting that the reference to the $100,000 policy limit be deleted from the complaint so as not to prejudice the jury. Misura complied with this request. The jury returned a verdict for Misura in the amount of $92,000. The verdict was accepted by the court on May 6, 1992, and a judgment was rendered at that time. On May 28, 1992, pursuant to Practice Book §§ 325[2]

---

[1] Because the decision concerning the remittitur is dispositive of this appeal, we do not address Misura's claims regarding the trial court's decision to open the judgment.

[2] Practice Book § 325 provides: "If any judgment is rendered, by mistake or clerical error, for a larger sum than is due, the excess may be remitted by the party recovering the judgment, at any time, reasonable notice

and 326[3] and General Statutes § 52-228,[4] the defendant filed motions to open the judgment and for remittitur. The court heard and granted those motions on July 7, 1992. The trial court held that because the total of the defendant's payment to Bennett and Misura's verdict of $92,000 was greater than the amount of coverage provided by the policy, the defendant was entitled to a remittitur to bring the total award within the policy limit.[5] This appeal ensued.

The gravamen of Misura's claim is that the absence of any reference to the $100,000 policy limit in the complaint and the defendant's failure to plead the policy limit as a special defense result in the policy limit's not being an issue before the jury and precludes the defend-

being first given to the adverse party or his attorney; and the court may thereupon order the record of such judgment to be corrected, and affirm the same for the amount to which it has been remitted."

[3] Practice Book § 326 provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.

"Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the court."

[4] General Statutes § 52-228 provides: "If any judgment is rendered, by mistake or clerical error, for a larger sum than is due, the party recovering the judgment may have the amount of the judgment decreased by remittitur to the amount which is due, provided reasonable notice has been given to the adverse party or his attorney. The court may thereupon order the record of the judgment to be corrected, and affirm the judgment for the amount to which it has been decreased."

[5] There was some dispute as to whether the defendant had actually paid Bennett's claim. Misura argues in her brief that the defendant's representations that it had paid Bennett's claim were inaccurate. At oral argument before this court, counsel for the defendant represented that Bennett had been paid the $37,115. It is unclear from the record whether Bennett has in fact been paid.

ant from later complaining that the verdict exceeded that limit. We agree.

"A complaint must fairly put the defendant on notice of the claims . . . against him. . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . Only those issues raised by the plaintiffs in the latest complaint can be tried before the jury." (Citations omitted.) *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557–58, 525 A.2d 954 (1987). In the original complaint, the plaintiffs pleaded the $100,000 policy limit. In accordance with the defendant's request to revise, however, Misura amended the complaint to delete all references to the policy limit. "The filing of [an] amended pleading is a withdrawal of the original pleading." *Royce* v. *Westport,* 183 Conn. 177, 179, 439 A.2d 298 (1981). In the amended complaint that was properly before the court and the jury, there was no reference to the policy limit and, that issue not being before the court or jury, the plaintiff is not constrained by that fact. The original complaint is merely a part of the history of the case. *Pope* v. *Watertown,* 136 Conn. 437, 438, 72 A.2d 235 (1951). Therefore, the complaint, by itself, will not limit the damages to $100,000.

Misura also argues that the defendant had the opportunity to claim the benefit of the $100,000 policy limit by pleading it as a special defense and its failure to do so precludes it from claiming the benefit of the policy limits posttrial. We agree.

Practice Book § 164 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress,

fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own." Decisions of the courts of this state have held that this list is not exhaustive. In *DuBose* v. *Carabetta,* 161 Conn. 254, 260, 287 A.2d 357 (1971), our Supreme Court stated that "[t]he inherent difficulty in drawing the line between what can be shown under a general denial and what must be specially pleaded is recognized by 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 126 (g). The rules specify certain matters which must be specially pleaded and the annotations provide further aid [Practice Book § 164 and annotations]. The pleader must be as familiar with the scope of denials of today as his [or her] grandfather was with the scope of the general issue at common law. The problem is not one peculiar to Connecticut procedure but exists even under procedures which have deliberately reduced the significance of pleading." (Internal quotation marks omitted.)

Thus, in the context of insurance litigation, our courts have held that certain defenses must be specially pleaded. See, e.g., *Fogarty* v. *Fidelity & Casualty Co.,* 120 Conn. 296, 299–300, 180 A. 458 (1935) (exceptions or exclusions in policy); *Sortito* v. *Prudential Ins. Co.,* 108 Conn. 163, 168, 142 A. 808 (1928) (breaches of condition). In *Fogarty* v. *Fidelity & Casualty Co.,* supra, 298, the plaintiff was driving his truck "when a sheet of flame burst out of the cab without warning," causing the plaintiff to lose control of the vehicle and crash. The trial court held that the accident was caused by the fire. Therefore, because loss by fire was excluded in the policy, the defendant was not liable to the plain-

tiff for damages under the policy. On appeal, our Supreme Court noted that the "complaint alleged that the truck was insured against loss or damage arising out of accidental collision or upset 'however caused' . . . ." Id., 299. The *Fogarty* court held that "[i]f the defendant [insurance company] intended to claim that the loss was within the provision excluding damage by fire, it should have specially pleaded to that effect . . . it did not do so and, a claim having been made to the trial court that thereby it was precluded from taking advantage of the limitation contained in the clause, the effect of the clause may be eliminated from our consideration." (Citations omitted.) Id., 299–300.

The same rationale applies here. The operative complaint alleges that the defendant provided an insurance policy to Misura entitling her to "payment of *any sums* she was legally entitled to recover, on account of personal injuries sustained while occupying this automobile, from any motor vehicle operated by a hit-and-run driver whose identity cannot be [ascertained]." All references to the policy limit were deleted from the complaint, and, if the defendant wanted to take advantage of the $100,000 limit in the policy, it should have pleaded it as a special defense.[6] Its failure to do so precludes it from "taking advantage of the limitation contained in the [policy.]" Id.

The defendant argues that the trial court properly reduced the damages award to reflect the release signed by Bennett in consideration of $37,115 and, further, that General Statutes § 38a-336[7] limits the total

[6] Recently, this court held that "[a] limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability and, as such, is properly the subject of a special defense." *New England Savings Bank* v. *FTN Properties Ltd. Partnership,* 32 Conn. App. 143, 146, 628 A.2d 30 (1993).

[7] General Statutes § 38a-336 (b) provides: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's

amount of the recovery to the limit of the insured's uninsured motorist coverage. These arguments are inapplicable in this case.

At the hearing on the motion to open and for remittitur, the defendant alleged, for the first time, that it was entitled to a limitation on the award to the plaintiff reflecting the payment of $37,115 to Bennett in exchange for his release of all claims against the defendant. The court heard evidence, over the objection of Misura, and granted these motions. Misura argues that the question of whether payment was made is a question of fact to be determined by the jury and, because payment was disputed, the trial court invaded the province of the jury by hearing posttrial evidence regarding the defendant's claim of payment to Bennett.

It is the province of the jury to decide questions of fact. *Gaulton* v. *Reno Paint & Wallpaper Co.,* 177 Conn. 121, 127, 412 A.2d 311 (1979). It may accept or reject the testimony of witnesses and determine the weight to be given the evidence. *Eagar* v. *Barron,* 2 Conn. App. 468, 471, 480 A.2d 576 (1984). The assessment of damages is peculiarly within the province of the jury. Further, "a defense of payment, even though nonpayment is alleged by the plaintiff, must be specially pleaded. Practice Book § 164. To the extent that the defendant's claim of payment was a defense, it properly should have been pleaded as such." *Elis* v. *Rogers,* 15 Conn. App. 362, 366, 544 A.2d 633 (1988). "[T]he failure to raise a special defense is waived [however] when evidence comes in without objection." *Thomp-*

uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage."

*son & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* 203 Conn. 123, 132, 523 A.2d 1266 (1987).

Here, Misura properly objected to the introduction of evidence of the payment to Bennett at the hearing on the motion to open and for remittitur. Nevertheless, the trial court relied on the representations of counsel, which carry no evidentiary weight; *State* v. *Patterson,* 31 Conn. App. 278, 292, 624 A.2d 1146 (1993); that Bennett had in fact been paid, and reduced the award to reflect that amount. The defendant's failure to raise the claim of payment as a special defense, allowing the jury to decide this question of fact, results in a waiver of that claim. See *Bernier* v. *National Fence Co.,* 176 Conn. 622, 629, 410 A.2d 1007 (1979).[8]

The judgment ordering a remittitur is reversed and the case is remanded with direction to render judgment

[8] *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 594 A.2d 977 (1991), on which the dissent relies, is inapposite. In *Covenant,* our Supreme Court ordered that the recovery from the insurer Covenant had to be reduced by the amount "already paid" to the victim under another policy. Here, however, the record clearly indicates, even though the defendant represented otherwise to the trial court, that the defendant had not paid anything to Bennett at the time the verdict was rendered for the plaintiff in this case. Indeed, it seems as though the defendant was delaying payment to Bennett to see if the very problem that arose in this case would, in fact, arise. Regardless, the defendant is not excused from following our established rules of practice. "The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way . . . ." *DuBose* v. *Carabetta,* 161 Conn. 254, 261, 287 A.2d 357 (1971).

Furthermore, because of the defendant's failure to allege payment, General Statutes § 38a-336 is not available to limit the amount of recovery in this case. "Courts, of course, have judicial knowledge of the statutes, but they may not take judicial notice of the facts of a particular case that make them applicable when these are not alleged." *Rusch* v. *Cox,* 130 Conn. 26, 33, 31 A.2d 457 (1943). Here, the defendant alleged no facts that would entitle it to a limitation on the jury award. The dissent's position that an insured can contract for $100,000 of uninsured motorist coverage and recover "millions" is unfounded. In this case, the coverage was $100,000 and the verdict was $92,000. An unlimited recovery may be prevented by properly pleading and presenting the issues to the jury.

reinstating the verdict in full, subject only to the collateral source payments made to or on behalf of the plaintiff Lori Misura, as agreed upon by the parties and the trial court.

In this opinion SCHALLER, J., concurred.

LAVERY, J., dissenting. Because an insurer's liability in an uninsured motorist action is statutorily restricted to the limits of the policy, I respectfully dissent.

The plaintiff Lori Misura's recovery under her uninsured motorist insurance is governed by General Statutes § 38a-336.[1] That statute requires that every automobile insurance policy provide uninsured motorist insurance at an amount chosen by the insured. The purpose of that statute is to compensate an insured to the same extent as the insured would have been had the tortfeasor carried liability insurance equal to the uninsured coverage carried by the insured. *Mass* v. *United States Fidelity & Guaranty Co.*, 222 Conn. 631, 647, 610 A.2 1185 (1992); *Harvey* v. *Travelers Indemnity Co.*, 188 Conn. 245, 249, 449 A.2d 157 (1982). Section 38a-336 (b) specifically provides that the insured cannot recover more than as specified in the policy. General Statutes § 38a-336 (b). This limitation prevents the "anomalous situation" in which an injured party is better off if the tortfeasor was uninsured than insured to the statutory minimum. *Reddy* v. *New Hampshire Ins. Co.*, 28 Conn. App. 145, 149–50, 612 A.2d 64 (1992).

[1] General Statutes § 38a-336 (b) provides: "An insurance company shall be obligated to make payments to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage."

Thus, our Supreme Court has invoked § 38a-336 (b) to restrict an insured's recovery to the limits of the uninsured motorist policy. *Mass* v. *United States Fidelity & Guaranty Co.,* supra, 649–50; *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 37–38, 594 A.2d 977 (1991). Requiring the defendant to pay more than the limits of Misura's uninsured motorist coverage violates § 38a-336 (b).

The majority maintains that the defendant waived the benefit of the policy limits by failing to prove them as an affirmative defense. Evidence of the policy limits were, however, entered as a full exhibit by the defendant. Further, in the context of this case, the policy limits were irrelevant. The amount of coverage was undisputed: the plaintiffs pleaded the limitations in the first complaint;[2] Misura's motion for summary judgment included the insurance policy declarations page containing the limits.[3] The jury's only task was to assign the appropriate level of damages arising from the unin-

---

[2] While an amended complaint withdraws the prior complaint, "statements in withdrawn or superseded pleadings, including complaints, may be considered as evidential admissions against the party making them." *Dreier* v. *Upjohn Co.,* 196 Conn. 242, 244, 492 A.2d 164 (1985); *Belanger* v. *Village Pub I, Inc.,* 26 Conn. App. 509, 518, 603 A.2d 1173 (1992); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 6.5. As an evidential admission of the plaintiffs and as the defendant's exhibit one, the policy limits were properly before the court.

[3] The majority's reliance on *Fogarty* v. *Fidelity & Casualty Co.,* 120 Conn. 296, 180 A. 458 (1935), is misplaced. In that case the parties disputed the coverage of the policy. Id., 298–300. Resolution of the coverage issue required a finding of fact based on evidence. See id. Because the defendant entered no coverage evidence, its postverdict protests were no more than a request for a new finding of fact. Id., 299–300.

In this case, however, the coverage is undisputed. The majority implies a coverage dispute by emphasizing the words "any sums" in the complaint. The sentence reads: "This policy of insurance included insurance which entitled plaintiffs to payment of any sums they were legally entitled to recover." Thus, Misura was not attempting to recover sums outside of the policy. This statement cannot reasonably be construed as disputing the legally binding effect of the policy. In fact, in the original complaint the sentence ended by reciting the policy limits. The absence of the policy limits

sured motorist's tort. Because the contractual limits did not prove or disprove the plaintiffs' damages, they were irrelevant.

The majority creates a situation in which plaintiffs that pay for minimum coverage can recover millions for which they never contracted. This decision recreates the anomalous situation in which an injured party is better off if struck by an uninsured motorist than by a motorist carrying the statutory minimum insurance. See *Reddy* v. *New Hampshire Ins. Co.*, supra, 149–50. Section 38a-336 (b) was enacted specifically to prevent that result. *Nationwide Ins. Co.* v. *Gode*, 187 Conn. 386, 391–92, 392–93 n.6, 446 A.2d 1059 (1982). Courts should accept the jury's untainted evaluation of the damages and reduce them to comply with § 38a-336 (b).[4] I would affirm the trial court.

Accordingly, I respectfully dissent.

should not change the construction of the entire sentence from "any sums legally entitled to under the policy" to "any sums imaginable." Thus, because no finding of fact regarding coverage was necessary, no evidence of the policy limits was required.

[4] Our statute conforms to the majority case law rule set forth in the Maryland case of *Allstate Ins. Co.* v. *Miller*, 315 Md. 182, 553 A.2d 1268 (1989), that the admission of uninsured motorist coverage should not be a tactical decision left to the parties' discretion. The fact of the limits of the uninsured motorist coverage is irrelevant to the issue of tort damages and, since both parties and the court were aware of the policy limits, the court should reduce the verdict if it exceeds the policy to comply with the policy limits, upon proper postverdict motion of the defendant.