[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 28, 1993, the plaintiffs, John Mayers and Steve Sardo, filed a two count complaint against the defendant, CT Page 3123 Allstate Insurance Company. The plaintiffs allege that they were injured while they were passengers in a car driven by Christopher Cavagnuolo and that they are covered persons under "the provisions of the defendant's automobile insurance policy issued to Christopher Cavagnuolo."
On September 9, 1993, the defendant filed a request to revise the plaintiffs' complaint. The defendant requests "that the Plaintiffs add a paragraph . . . stating the applicable uninsured motorist coverage limits available to the Plaintiffs. . .so that the Plaintiffs' verdict is limited to the uninsured policy limits under Connecticut General Statutes 38a-336."
On September 17, 1993, the plaintiffs filed an objection to the defendant's request to revise on the ground that the defendant may plead the policy limits as a special defense, but the plaintiffs are not required to so plead in their complaint.
A request to revise may be granted in order to make any "appropriate correction in an adverse party's pleading." Practice Book 147.
"A party still has the right to plead his case in his own way unless he runs counter to some rule of pleading." First National Bank v. Blakeslee, 4 Conn. Sup. 354 (Super.Ct. 1936), citing Freeman's Appeal, 71 Conn. 708, 714, 43 A. 185 (1899). "[I]f the defendant wanted to take advantage of the . . . limit in the policy, it should have pleaded it as a special defense. Its failure to do so precludes it from `taking advantage of the limitation contained in the policy.'" (Citation omitted; footnote omitted.) Bennett v. Automobile Ins. Co. of Hartford,32 Conn. App. 617, 622, 630 A.2d 149 (1993).
The court sustains the plaintiffs' objection to the defendant's request to revise.
/s/ Sylvester SYLVESTER, J.