[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTION TO STRIKE]
This is an action by an insured under the underinsured motorist coverage provision of two insurance policies issued by the defendant. The plaintiff had previously collected from the driver of another vehicle involved in the accident which injured the plaintiff all available insurance coverage. The plaintiff has filed a motion to strike the first, second, third and fourth special defenses filed by the defendant which allege receipt by CT Page 4599 the plaintiff of the following payments: (1) $150,000 from the other, negligent driver; (2) proceeds of a disability insurance policy issued by Hartford Insurance Company; (3) $148,334 under a business auto policy issued by Aetna; and (4) health insurance benefits under a PHS plan. A motion to strike can be used to test the legal sufficiency of a special defense. Section 152(5), Connecticut Practice Book; [Mingachos v. CBS,Inc.], 196 Conn. 91, 108-09.
The plaintiff moves to strike the four special defenses because receipt of payments from collateral sources are not a valid special defense to the underlying cause of action in the complaint. The second, third and fourth special defenses are also challenged because § 195A of the Practice Book effective October 1, 1993, states: "No pleading shall contain any allegation regarding receipt by a party of collateral source payments described in General Statutes §§ 52-225(a) and52-225(b)." The defendant contends that in an action based on an insurance policy that payments received by the plaintiff must be pleaded.
This court subscribes to the majority rule that collateral source payments are not properly pleaded as a special defense, at least in most cases. [Cheneski v. Barber],7 Conn. L. Rptr. 392 (1992); [Valuk v. Mathews], 4 Conn. L. Rptr. 12 (1991); [Airflow, Inc. v. Consolidated Engineers and Constructors, Inc.],5 Conn. L. Rptr. 460, 461 (1992). The reason collateral source payments are not pleaded as special defenses is that payments to the plaintiff from collateral sources are not directed to whether a plaintiff has a cause of action, but only to reduce the amount of damages which the plaintiff finally recovers. It is not necessary to plead collateral source payments as defined in § 52-225(b) of the General Statutes because the court is required, even without a special defense, to make appropriate adjustments after trial for collateral source payments to the plaintiff under § 52-225(a) C.G.S.
These considerations, however, and § 195A of the Practice Book do not cover the situation here. Presumably the Practice Book rule was enacted to codify the majority rule from the Superior Court cases and to clarify that collateral source payments should not be pleaded as a special defense in a personal injury action. Unlike those cases, where a defendant would not be prejudiced because of § 52-225(a) C.G.S. for failure to plead collateral source payments, the defendant-insurer might CT Page 4600 be prejudiced in an action to recover underinsured motorist coverage based on a clause in the defendant's insurance policy. In an action to recover uninsured motorist coverage under an automobile liability insurance policy, the defendant must plead the policy limits as a "special defense in order to take advantage of the limitation on coverage in the policy. [Bennettv. Automobile Insurance Co. of Hartford], 32 Conn. App. 617,622-624 (holding that without a special defense the defendant could not produce evidence at trial as to amounts paid to the plaintiff to reduce the amount of recovery.) "A limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability and, as such, is properly the subject of a special defense." [New England SavingsBank v. FTN Properties Ltd. Partnership], 32 Conn. App. 143, 146. This is consistent with the general rule for actions upon insurance contracts that any provisions which are a contractual limitation on liability must be specially pleaded by the insurance company. [C G R Tire Distributors, Inc. v. AllstateInsurance Co.], 177 Conn. 58, 65. Relying upon [Bennett v.Automobile Insurance Co. of Hartford], supra, it has been held that in an action to recover under an uninsured motorist policy the defendant-insurer may plead payments received by the plaintiff as a special defense in order to produce evidence of the payments at trial to reduce the amount of contractual liability. [Palmieri v. Nationwide Mutual Insurance Company],11 Conn. L. Rptr. 88 (1994) (Corradino, J.). The [Palmieri] case is persuasive and would also apply to an action on an insurance policy providing underinsured motorist coverage. In addition, the payments in the first and third special defenses are not collateral source payments as defined in § 52-225(b) of the General Statutes.
The motion to strike the first, second, third and fourth special defenses is denied.
ROBERT A. FULLER, JUDGE