[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REMOTION TO STRIKE SPECIAL DEFENSES
On September 25, 1992, John Boyle was involved in a motor vehicle collision with a fleeing vehicle. On February 2, 1994, plaintiffs John and Angela Boyle filed a complaint in contract against their insurer, Peerless Insurance Co., claiming money damages under the uninsured motorist provisions of their policy. CT Page 6754 On March 3, 1994, plaintiffs amended their complaint and defendant filed an answer on April 27, 1994, with two special defenses. The first special defense alleges defendant paid basic reparations benefits and is entitled to a $5,000.00 set off from any award to plaintiffs. The second special defense alleges that defendant is entitled to a reduction in any award to plaintiffs by any sums paid to plaintiffs by or on behalf of the persons or organizations legally responsible, or paid by law, including workers' compensation or disabilities benefits.
On May 6, 1994, the plaintiffs filed a motion to strike the defendant's special defenses, with supporting memorandum, on the ground that pleading the receipt of collateral source payments is prohibited by Practice Book § 195A. On May 18, 1994, defendant filed an objection to plaintiffs' motion to strike and supporting memorandum of law.
A motion to strike maybe used to challenge the sufficiency of a defendant's special defenses. Practice Book § 152(5); Ivey,Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528
(1983). A motion to strike admits all facts well pleaded.Mingachos v. CBS, Inc., 196 Conn. 91, 108-09 (1985). The allegations are entitled to the same favorable construction that a trier would be required to give in admitting evidence under them and if the facts provable under the allegations would support a defense, the motion to strike must fail. Id. The court must construe the facts alleged in the pleadings most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988).
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commissioner of the Town of New Canaan, 182 Conn. 138, 140
(1980); Stradmore Development Corp. v. Commissioners, 164 Conn. 548,551 (1973).
The special defenses subject to plaintiffs' motion to strike are as follows:
BY WAY OF FIRST SPECIAL DEFENSE
 In the event that the trier of fact awards damages as against this Defendant for personal injury and/or economic damages to compensate this Plaintiff, this Defendant is entitled to a set off of $5,000.00 from any CT Page 6755 such award as this Defendant has paid out to the Plaintiff the sum of $5,000.00 in basic reparations benefits.
 BY WAY OF SECOND SPECIAL DEFENSE
 In the event that the trier of fact awards damages against the Defendant for personal injury and/or economic damages to Plaintiffs, this Defendant is entitled to a reduction in any such award by all sums:
 A) Paid because of bodily injury by or on behalf of the persons or organizations who maybe legally responsible;
 B) Paid or payable because of bodily injury under any of the following or similar laws:
 1. Workers Compensation Laws; or 2. Disability Benefits.
Plaintiffs argue that these special defenses are improper under Practice Book § 195A which prohibits the pleading of receipt of collateral source payments as described in General Statutes §§ 52-225a and 52-225b. In opposition, the defendant argues that these are properly pleaded special defenses because they represent contractually agreed upon credits to which the defendant is entitled under the terms of the insurance contract.
Practice Book § 195A, effective as of October 1, 1993, states:
 No pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in Conn. Gen. Stat. Ann. §§ 52-225a and 52-225b.
General Statutes § 52-225a provides:
 (a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section. . . . CT Page 6756
 (b) Upon a finding of liability and awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
General Statutes § 52-225b defines "collateral source" as:
 [A]ny payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services. "Collateral sources" do not include amounts received by a claimant as a settlement.
See also Smith v. Safeco Insurance Co. of America, 225 Conn. 566,570 (1993); Jeffreys v. Bombassei, 8 CSCR 261, 262 (February 1, 1993, Jones, J.).
Payment of basic reparations benefits have been held to be collateral source payments under General Statutes § 52-225b. SeeNeverisky v. Masi, Superior Court, judicial district of Danbury, Docket No. 307943 (January 21, 1993, Fuller, J.).
Workers' compensation payments, however, have been held not to be collateral source payments under General Statutes § 52-225b. SeeSmith v. Otis Elevator Co., 11 Conn. L. Rptr. 165 (April 11, 1994, Vertefeuille, J.).
Although it would appear that defendant's first special defense should be stricken pursuant to Practice Book § 195A, this is an action for recovery pursuant to the terms of an insurance contract, accordingly any limitation on an insurer's liability under the contract, including those asserted by defendant in its first and second special defenses, must be specially pleaded. CT Page 6757
In Palmieri v. Nationwide Mutual Ins. Co.,11 Conn. L. Rptr. 88
(February 16, 1994, Corradino, J.), art action against an insurer to recover under an insurance policy, the defendant asserted the special defense that it was entitled to a reduction in any award to plaintiff by any amount paid by or on behalf of any liable parties and any sums paid under workers' compensation, disability benefits or similar laws. Id., 89. The court denied plaintiffs' motion to strike the special defense on the ground that it was a claim for a reduction of damages based on collateral source payments. Id. The court stated that Practice Book § 164 regarding special defenses is a rule of procedure which can be modified by statute and contract and is "in effect amended by caselaw which refers to a concept known as `partial release of liability.'" Id. Furthermore, the court stated a limitation of liability "whether contractual or statutory, is, in substance and effect, a partial release of liability, and, as such is properly the subject of special defense." Id., 90, quoting New England Savings Bank v. FTNProperties Limited Partnership, 32 Conn. App. 143, 146 (1993). In accordance with Bennett v. Automobile Ins. Co. of Hartford,32 Conn. App. 617, cert. granted, 228 Conn. 910 (1993), the court held that if such payments were not asserted as a credit by special defense, defendant "runs the risk that it will waive its contractually bargained-for right." Id.
In Bennett v. Automobile Ins. Co. of Hartford, supra, an action was brought by plaintiffs against the defendant insurer for uninsured motorist benefits pursuant to a policy issued by the defendant. One plaintiff released his claims prior to trial in consideration of payment from the defendant. A jury verdict was rendered for the other plaintiff, which, together with the payment to the plaintiff that had settled, exceeded the policy limit. The trial court granted defendant's motion to open the judgment and for remittitur. On appeal, the court held that in the context of insurance litigation certain defenses must be specially pleaded, including the policy limits, and the defendant's failure to plead such limitations precluded it from taking advantage of such limitations. Id., 621-22. The Appellate Court further held that a defense of payment must be specially pleaded and to the extent that the defendant's claim of payment to the settling plaintiff was a defense, it should have been pleaded as such. Id., quoting Elisv. Rogers, 15 Conn. App. 362, 366 (1988). Therefore, the defendant's failure to assert the claim of payment as a special defense was held to be a waiver of that claim. Id., 624.
Similarly, the court in Ridge v. Allstate Ins. Co., Superior CT Page 6758 Court, judicial district of New Haven, Docket No. 333867 (April 13, 1993, Thompson, J.), an action against an insurer to recover under an insurance policy, denied the motion to strike the defendant's special defenses asserting a contractual right of set off for basic reparations benefits paid, payments made by those legally responsible and payments pursuant to workers' compensation disability benefits laws. The court held the plaintiff's right of recovery against the insurer and insurer's obligations were governed by the terms of the policy and the defendant was entitled to plead the provisions affecting these rights and obligations. Id.
The plaintiffs' motion to strike is denied because the defendant's special defenses allege limitations on the defendant's liability in accordance with the terms of the insurance policy issued by the defendant and as such, they are properly pleaded special defenses.
Robert A. Martin, Judge