[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff for damages to his home due to the allegedly negligent installation of a home "spa" by the defendants, Richard T. Johnson General Contractor, Inc. d/b/a Richard T. Johnson Construction Co, Inc. (Johnson), Lawrence Penna d/b/a The Pool Doctor (Penna), and Jim Russell, d/b/a Russell Electric Co. (Russell). The action was brought by complaint dated April 25, 1995, and on June 16, 1995, Johnson filed an answer and cross-complaint against the other defendants, Penna and Russell. The cross-complaint recited two counts, one entitled "Negligence-Common Law Indemnification" and the other entitled "Nuisance-Common Law Indemnification." Both counts were directed against both co-defendants.
On June 26, 1995, Penna moved to strike the second count of the cross-complaint on two grounds. First, since the plaintiff had not alleged a nuisance claim, Penna argued that the second count of the cross-complaint was improper under Practice Book § 116, which requires that a cross-claim "arise out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Second, Penna argued that Johnson had failed to state a cause of action for "nuisance-common law indemnification."
On July 5, 1995, Russell filed a request to revise paragraphs 10 and 15 of the first count of Johnson's cross-complaint. Simultaneously, on July 5, 1995, Johnson filed a request for leave to amend his cross-complaint, attaching a copy of the proposed new pleading, as required by Practice Book § 176. The amended cross-complaint contained only one count, addressed to both co-defendants: the negligence-common law indemnification claim. Johnson withdrew the second count of the cross-complaint CT Page 12483 in its entirety, since "[t]he filing of [an] amended pleading is a withdrawal of the original pleading." Bennett v. AutomobileInsurance Co. of Hartford, 32 Conn. App. 617, 620, 630 A.2d 149
(1993), rev'd on other grounds, 230 Conn. 795, 646 A.2d 806
(1994), quoting Royce v. Westport, 183 Conn. 177, 179,439 A.2d 298 (1981).
On July 18, 1995, Russell filed an objection to Johnson's request to amend the cross-complaint on the grounds that Johnson had not amended paragraphs 10 and 15, which had been the subject matter of Russell's previous request to revise. Thereafter, on July 19, 1995, Penna filed a request to revise Johnson's cross-complaint, alleging that paragraphs 10, 14 and 15 were insufficiently pleaded.
On July 21, 1995, Johnson filed a second request for leave to amend the cross-complaint. The proposed cross-complaint attached to the request contained a revised paragraph 10, presumably addressing Russell's concerns about this portion of the pleading. Nonetheless, on August 3, 1995, Russell filed a further objection to Johnson's second request to amend the cross-complaint on the grounds that Johnson had not amended paragraph 15, as had been requested. Russell's objection was overruled by the court, during short calendar on October 3, 1995.
Although Practice Book § 175 allows a plaintiff to amend his complaint as of right within thirty days, the only court to address the issue has held that § 175 is not applicable to cross-complaints. Moore Business Forms, Inc. v. Van Engelen Co., 2 CSCR 627 (May 21, 1987, O'Neill, J.). Thus, in order for Johnson to amend his cross-complaint, he must file a request for leave to amend pursuant to Practice Book § 176, which he did, twice. As noted above, the amended cross-complaint filed by Johnson on July 5, 1995, completely withdrew the second count of the cross-complaint, which was the subject of Penna's motion to strike. This would render the motion to strike moot, provided that the amended pleading was accepted by the court.
After Johnson filed his proposed second amended cross-complaint with the court, the only objection to the amended pleading was by Russell, regarding one paragraph of the pleading. The court overruled this objection during short calendar on October 3, 1995. As such, Johnson's second amended cross-complaint is the operative pleading. Since the motion to strike (#111) by Penna addressed only the second count of the operative cross-complaint, CT Page 12484 which is no longer part of the cross-complaint, the motion to strike is denied on the ground that it has been rendered moot.
Howard F. Zoarski, Judge