[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised by the plaintiffs' motion to strike is whether spoilation of evidence is properly pleaded as a special defense."
Practice Book 164 provides: `No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the CT Page 31 statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own.' Decisions of the courts of this state have held that this list is not exhaustive. In DuBose v. Carabetta, 161 Conn. 254, 260,287 A.2d 357 (1971), our Supreme Court stated that `[t]he inherent difficulty in drawing the line between what can be shown under a general denial and what must be specially pleaded is recognized by 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 126(g). The rules specify certain matters which must be specially pleaded and the annotations provide further aid. . . ." Bennett v. AutomobileIns. Co. of Hartford, 32 Conn. App. 617, 620-621, 630 A.2d 149
(1993), reversed, 230 Conn. 795, 646 A.2d 806 (1994). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).[1] The Supreme Court also has stated that "[t]he fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway. Pawlinskiv. Allstate Ins. Co., 165 Conn. 1, 6, 327 A.2d 583 (1973); DuBosev. Carabetta, 161 Conn. 254, 261, 287 A.2d 357 (1971)." Bennettv. Automobile Ins. Co. of Hartford, supra, 230 Conn. 802.
In Beers v. Bayliner Marine Corporation, 236 Conn. 769,675 A.2d 829 (1996), the Supreme court held that the trial court committed error in granting the plaintiff's motion for summary judgment based on the defendant's spoilation of evidence. The court held that a party may not be put out of court or effectively defaulted on the issue of liability for spoilation of evidence. Id., 775 and n. 9. Rather, the court held that "the trier of fact may draw an inference from the intentional spoliation of evidence that the destroyed evidence would have been unfavorable to the party that destroyed it." Id. Specifically, the court held that "an adverse inference may be drawn against a party who has destroyed evidence only if the trier of fact is satisfied that the party who seeks the adverse inference has proven the following. First, the spoliation must have been intentional." Id., 777. "Second, the destroyed evidence must be relevant to the issue or matter for which the party seeks the inference." Id., 778. "Third, the party who seeks the inference must have acted with due diligence with respect to the spoliated evidence." Id. "Finally, the jury, if it is the trier CT Page 32 of fact, must be instructed that it is not required to draw the inference that the destroyed evidence would be unfavorable but that it may do so upon being satisfied that the above conditions have been met." Id., 779.[2]
Thus, spoilation of evidence may give rise to a jury instruction and to an adverse inference. However, spoilation of evidence is not a claim that the plaintiff has no cause of action. For this reason it is not properly plead as a special defense. The motion to strike is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court