[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an underinsured motorist claim. By revised complaint dated November 15, 1998, the plaintiff, Cindy Mikita alleges she was operating a vehicle which came to a stop at a traffic light on Bank Street in Seymour, Connecticut. She further alleges being struck in the rear by a vehicle owned by Elaine Reynolds and driven by Dena Reynolds. As a result of this collision, the plaintiff sustained cervical injuries resulting in a cervical discectomy being performed on February 27, 1997. She alleges she is left with a permanent injury of the cervical area. The defendant, Peerless Insurance Company filed its answer and special defenses on November 12, 1998. By way of a second special defense, the defendant alleges: "If any damages are awarded to the plaintiff, . . . , this defendant is entitled to a reduction of any such award by the amount paid to the plaintiff from collateral sources." Further, by way of a third special defense, the defendant alleges: "The plaintiff Cindy Mikita was paid for medical expenses pursuant to the medical payments provisions of the defendant's policy in the amount of $1,000.00 and this defendant is entitled to reduce any damages awarded, . . . to the extent that it has paid said sum by way of medical payments to this plaintiff."
On November 23, 1998, the plaintiff pursuant to Section 10-39(a)(5) moved to strike these two special defenses for the reason that they make claims in violation of Section 38a-336 and38a-336a(c) and therefore, do not state a defense or a claim upon which relief can be granted.
The plaintiff's lawsuit which is founded on an insurance contract claiming injuries and damages allegedly sustained by the plaintiff which arise from the claimed negligence of an underinsured motorist. Any damages here which may be awarded to the plaintiff and against Peerless Insurance depend on the terms and conditions of their insurance contract with the plaintiff. CT Page 508
The thrust of the Motion to Strike as to the defendant's second special defense is that any award to the plaintiff will be reduced by any amount paid to the plaintiff from collateral sources. Collateral sources is defined in Section 52-225b of the Connecticut General Statutes as follows: ". . . `collateral sources' means any payment made to the claimant, or on his behalf, by or pursuant to: (1) any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar benefits . . ." The plaintiff in his memorandum of law recites Section 38a-36a(c) which provides: "if the insured purchases such underinsured motorist conversion coverage, then in no event shall the underinsured motorist coverage be reduced on account of any amount made by or on behalf of the tortfeasor or by any third party." Further, said brief alleges that this second special defense is inapplicable as the payments for medical bills were made by collateral sources as payments made "on behalf of the tortfeasor" and are excluded.
With reference to the third special defense, the plaintiff's brief alleges that since the medical payments coverage was purchased by an additional premium, it is not recoverable by subrogation or credit.
As to the second special defense and the attack by the plaintiff on it, the defendant spells out that plaintiff's reference to 38A-36a(6) concerns the purchase of underinsured motorist conversion which references limitations on reductions in coverage on account of payment made by or on behalf of a tortfeasor or by any third party. In connection therewith, the defendant points out that the plaintiff has not alleged that she purchased underinsured motorist conversion coverage. From the defendant's perspective, the court can not be called upon to review any extrinsic facts in coming to its conclusion. The purpose of a motion to strike is to challenge the legal sufficiency of a complaint . . . or the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense. . . . (Practice Book Section (152) Section10-39) As Judge Corradino pointed out in his memorandum of decision in Peter Palmieri v. Nationwide Mutual InsuranceCompany, No. CV93-00522478, decided on February 15, 1994 . . . "the specter of Bennett v. Automobile Ins. Co. of Hartford,32 Conn. App. 617, 622, 621 (1993) is haunting this case. The court in Bennett stated (at page 623): "It is the province of the jury to decide questions of fact . . . The assessment of damages is CT Page 509 peculiarly within the province of the jury. Further, `a defense of payment, even though nonpayment is alleged by the plaintiff, must be specially pleaded'. Practice Book Sec. 164. To the extent that the defendant's claim of payment was a defense, it properly should have been pleaded as such. . . . The failure to raise a special defense is waived [however] when evidence comes in without objection." Here, the two special defenses in question do not state that the plaintiff has no cause of action but only seek to reduce any damage award. The plaintiff's argument that the defendant's remedy lies within the province of the collateral source rule is unavailing since Bennett remains the law on this issue. The defendant must plead these special defenses or otherwise waive its right to claim the reduction in the ultimate award. For the above reasons, the motion to strike the second and third special defenses is denied.
Jack L. Grogins Judge